EMMA CLARK TWEDDELL, Respondent, *v.* THE NEW YORK LIFE INSURANCE AND TRUST COMPANY, as Substituted Trustee under a Certain Deed of Trust dated April 24, 1872, and as Executor, etc., of ANNIE JANE BILLS, Deceased, FRANCIS TWEDDELL, JR., Defendants, and ST. JOHN'S GUILD, Appellant.

*Trust — established by a judgment, after the loss of the instrument creating it — the judgment, although more comprehensive than the complaint in the action, is conclusive upon all parties to it.*

The complaint in an action to declare a trust in favor of the plaintiff and for the appointment of a trustee, brought after the loss or destruction of the instrument creating the trust, and after the death of the trustees named therein, alleged that such instrument provided that the trustees were to "apply the net dividends arising from said stocks to the support, use and benefit of the plaintiff during her natural life, and on her decease to assign and make over the said stocks or any portion thereof, to such person or persons, or to such use or purpose as this plaintiff should, by her last will and testament, or any instrument in writing in the nature of a last will and testament, executed in the presence of two witnesses, direct or appoint."

The referee to whom the issues were referred, found the facts to be substantially as alleged in the complaint, and, as a conclusion of law, found that a substituted trustee should be appointed and should hold the securities in trust to pay the income thereof to the plaintiff during her life and on her decease to assign and make over the same to such persons as the plaintiff by her last will and testament should direct or appoint, "*or in default of appointment to her next of kin.*"

Upon this report a judgment was entered adjudging that the instrument creating the trust provided that the trustee should hold the securities upon the trust as alleged in the complaint; but nothing was said in this part of the judgment as to the disposition of the remainder after the death of the plaintiff in the event of her failure to exercise the power of appointment by will. A further provision of the judgment, however, stated the duty of the trustee in substantially the same language as the referee's conclusion of law, including the provision that should the plaintiff die without having exercised the power of appointment, the trustee should convey the property to her next of kin.

*Held,* that the adjudication as to the disposition of the remainder, in the event of the plaintiff's failure to exercise the power of appointment, was conclusive upon the parties to the action and all persons claiming under them.

APPEAL by the defendant, St. John's Guild, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of August, 1899, upon the decision of the court, rendered after a trial at the New York Special Term, directing the New York Life Insurance

and Trust Company to transfer to the plaintiff, Emma Clark Tweddell, certain cash and securities constituting a trust fund held by said company as trustee under a deed of trust dated the 24th day of April, 1872.

*John W. Weed*, for the appellant, St. John's Guild.

*Lucius H. Beers*, for the respondent.

*Charles A. Runk*, for the guardian ad litem.

INGRAHAM, J.:

The situation in this case is peculiar and presents a question which depends upon the construction to be given to, and the binding force of, a judgment of the Supreme Court, to which attention will hereafter be called. It appeared that, in the year 1872, one Annie Jane Bills, being the owner of certain personal property, assigned the same to Thomas G. Hodgkins and Emma S. Clark in trust; that in the year 1889 Emma S. Clark, one of the trustees, died, and during the year 1892 the surviving trustee died. The executors of the last-mentioned trustee continued to perform the trust until April, 1893, when the said Annie Jane Bills commenced an action in the Supreme Court, alleging the creation of the trust, and that by the instrument creating it the trustees were to " receive the dividends and interest due, and to become due thereon, and to apply the net dividends arising from said stocks to the support, use and benefit of the plaintiff during her natural life, and on her decease to assign and make over the said stocks or any portion thereof, to such person or persons, or to such use or purpose as this plaintiff should, by her last will and testament, or any instrument in writing in the nature of a last will and testament executed in the presence of two witnesses direct or appoint." There were made parties defendant to said action the personal representatives of the deceased trustees and one Emma C. Bills, who was the daughter of the plaintiff, born after the creation of the trust, and who is the plaintiff in this action. The complaint further alleged that the instrument creating the trust had been lost, or, by mistake, destroyed, and asked judgment that the New York Life Insurance and Trust Company be appointed the trustee of the said trust, and be empowered and authorized by this court to take and receive the said securities and to hold the same upon the trusts above set forth.

A guardian *ad litem* was appointed for the infant defendant Emma C. Bills, who interposed a general answer. The personal representatives of the deceased trustees also answered, and the issues raised were referred to a referee to hear and determine. The evidence taken before the referee is not a part of the record, but the referee subsequently reported, finding the facts substantially as alleged in the complaint, the execution of the instrument creating the trust as therein alleged, and as a conclusion of law that the New York Life Insurance and Trust Company should be appointed as trustee to receive the said securities and to hold the same upon trust, to pay the income thereof to the plaintiff during her life, and on her decease to assign and make over the said securities to such persons as the plaintiff by her last will and testament should direct or appoint, " or in default of appointment to her next of kin."

Upon that report and upon notice to all the parties to the action judgment was duly entered on November 20, 1893, whereby it was adjudged that by a certain instrument in writing, made on or about the 24th day of April, 1872, the plaintiff did assign unto Thomas G. Hodgkins and Emma S. Clark certain personal securities and the dividends due and to become due on the same, in and by which instrument it was provided that the said Thomas G. Hodgkins and Emma S. Clark should hold the same upon the trusts, as alleged in the complaint. Neither in the complaint nor in this provision of the judgment declaring the trust as originally constituted was there any direction as to the disposition of the remainder after the death of the life tenant in the event of her failure to execute the power of appointment by a last will and testament. The judgment then proceeds to appoint a new trustee and adjudicate as to the trust upon which it should hold the trust property, thus construing the trust which it had before adjudged had been created and was then in existence. It proceeds: "And it is ordered, adjudged and decreed that the said New York Life Insurance & Trust Company be, and the same hereby is appointed as trustee in the place and stead of the said Thomas G. Hodgkins and Emma S. Clark, deceased, to receive the said securities and to hold the same and to receive the dividends and interest due and to become due thereon ; and to apply the net interest and dividends arising from said securities and from such other securities as shall from time to time form

part of said trust estate, to the support, use and benefit of the plaintiff during her natural life, and on her decease to assign and make over the said securities, or any portion thereof, to such person or persons, or to such use or purpose as the plaintiff shall, by her last will and testament or any instrument in writing in the nature of a last will and testament executed in the presence of two witnesses, direct or appoint, or in default of appointment to her next of kin."

Here appears, following the conclusion of law of the referee, a direction as to the disposition to be made of this remainder upon default of the exercise of the power of appointment by the life tenant. It is a construction by the judgment of the trust established by the plaintiff and upon which the substituted trustee was to hold the property. Whether that was or was not a correct construction of the trust is not an open question. The judgment was as to all the parties to the action conclusive. The effect of this provision of the judgment was, therefore, to appoint the New York Life Insurance and Trust Company the trustee to execute the trust established by the instrument executed in 1872, and to construe the terms of the trust so established; and upon that construction there was brought under the operation of the trust the remainder in the property in the event of the life tenant's failure to make a valid appointment by a last will and testament. The trust, as it existed prior to the entry of this judgment, was not disturbed. It still remained in full force and effect. The terms and conditions upon which the substituted trustee was to hold and dispose of the property were settled by the provisions of the judgment appointing such trustee and directing the disposition to be made by it of the trust estate. The judgment was an adjudication binding upon the parties and all claiming under them, and conclusively established the trust upon which the property was to be held, and the disposition of it upon the termination of the trust.

After that judgment was entered and the substituted trustee had taken possession of the property under the trust thereby declared and construed, neither of the parties to that action could terminate that trust. In the event that the plaintiff in that action failed to make a valid execution of the power reserved to her by the terms of the trust, as fixed by the judgment, the trustee was to pay the trust estate to the life tenant's next of kin. Subsequently the life

tenant attempted to execute the power so reserved, but execution of that power was invalid, as the absolute ownership of the property was postponed for a longer period than two lives in being when the trust was created. (*Fargo* v. *Squiers,* 154 N. Y. 259.) As was said in the case cited : " The validity of the provisions of the will of Georgia Fargo, in so far as she attempted to execute the power of appointment, must, therefore, be tested by reading the provisions of her will into the provisions of the will of William G. Fargo, which created the power. So tested, we find that the Squiers children, not being in existence at the time of the death of William G. Fargo, any attempt to postpone the absolute ownership of the property in these children would be a violation of the provisions of the statute."

Thus reading the provisions of the will of Annie Jane Bills, the life tenant, into the trust agreement executed in the year 1872, we find that as neither the testatrix's daughter nor her grandson, in whose favor the two trusts were attempted to be created, were in existence at the time of the creation of the trust in 1872, there was an attempt to postpone the absolute ownership of the property beyond two lives in being at the time of the creation of the trust ; and the execution of the power of appointment being thus invalid by the terms of the trust, the trustee held the property for the benefit of the next of kin of the life tenant, who is the plaintiff in this action.

It is claimed by the appellant, however, that, assuming the trust to be void, this will should be treated as the exercise of the power in favor of the St. John's Guild. We think, however, that this would defeat the obvious intent of the testatrix and create a new will — which the court is not justified in doing. The evident intent of the testatrix was to create a fund for the benefit of her daughter and grandson during their lives ; and it would defeat that intention and disinherit the children for whom it is evident she intended to make provision by giving all of the property now to the remaindermen, who, by the will, were to take only upon the death of those for whom the testatrix intended to make provision. By a failure of the provision for the daughter and grandson, the intent of the testatrix was made inoperative, and with it, we think, must fall the remainder over.

It follows that the judgment of the court below was right, and it should be affirmed, with costs to the plaintiff and the infant defendant to be paid out of the estate.

VAN BRUNT, P. J., RUMSEY and O'BRIEN, JJ., concurred; PATTERSON, J., concurred in result.

Judgment affirmed, with costs to the plaintiff and the infant defendant to be paid out of the estate.