1. WILL—TRUST—VALIDITY—SUSPENSION OF ALIENATION.

The income of a trust fund was directed by a will to be paid to testatrix's son during his life, the principal on his death to be divided among his surviving children.  Trusts were also created in the shares of the children so surviving for life.  The son died after the death of his mother, leaving two children, one born after the death of testatrix and one during her lifetime.  *Held*, that the trust for the life of the child born after testatrix's death was void, as unlawfully suspending the power of alienation.

2. SAME—INVALIDITY OF PROVISION—EFFECT.

Testatrix created a trust in favor of her son for life, the principal to be divided among his surviving children, their shares also to be held in trust.  She gave to her daughter a considerable sum in excess of one-third of her estate, while the balance was given in trust for the daughter, with remainder to her children.  To another son, a certain sum was given in trust for life, with remainder to a specified child, and with a contingent remainder to the daughter and other son of testatrix on the death of such child.  *Held* that, though a devise in trust to one of the children of her son was void as an illegal suspension of the power of alienation, the invalidity of the trust did not disturb the plan of distribution so as to render the whole of the will void, there being no intent evident to make an equal division of her estate.

3. SAME—RESIDUARY CLAUSE.

Where testatrix left certain sums in trust and one trust failed for illegality, the amount thereof did not pass under the residuary clause, where in such clause testatrix expressly excluded the trust fund, but testatrix died intestate in respect thereto.

In the matter of the estate of Emma S. Faile.  Proceedings on accounting of executor.  Objections overruled.

Omri F. Hibbard, for executor.
Thos. H. Rothwell, for executrix (objector.)
Charles H. Brush, for other objectors.
Edward W. Sheldon, for U. S. Trust Co.

THOMAS, S.  The trust, as to $22,125, created by the sixth clause of the will, so far as it directs payment of income to William H. Faile during his life, is valid.  The direction that upon his death the principal be divided into as many shares as he might leave children him surviving, if such division is followed by a lawful disposition of any one of the shares, is valid.  Each share is to be used to set up a separate and distinct trust, one for the benefit of each of such children.  William H. Faile died after the testatrix, leaving two children—Dorothy, born during the lifetime of the testatrix, and Esther, born after her death.  The division must, therefore, be made into two parts, and two trusts are

to be set up. The trust for the life of Dorothy is valid. The trust for the life of Esther is void, because it will effect a suspension of power of alienation for a life not in existence at the time of the death of the testatrix. The same observations will apply to the trusts for William H. Faile and his children, created, or attempted to be created, by subdivision 2 of the eighth clause of the will; and the provisions therein contained for the benefit of Dorothy are valid, while those for Esther are void. It is quite apparent that by this necessary conclusion an intent of the testatrix is defeated, and that a granddaughter is deprived of a provision for her support which she desired to make for her; but I cannot agree that any general scheme of distribution is so far disturbed as to require that the whole or any part of the legacies to children or other grandchildren of the testatrix should fall with the one invalid trust. It is quite true that the testatrix carefully provided for a division of her estate into three equal parts, and that in a broad sense she desired that one of these shares should be enjoyed by each of her children and their descendants. But after this division was made she was guided by no rule of equality as to the way the several shares should reach the objects of her bounty. As to her daughter, a considerable sum which had been set apart for her during the life of the testatrix was given to her absolutely, together with jewelry, clothing, and household effects, in excess of one-third of the estate, while the balance was bound by a trust for the life of the daughter, but with remainder to the children of the daughter absolutely. As to one son, advancements had been made during the life of the testatrix, and the balance of his share was bound by a trust for the life of the son, with remainder to a specified child of the son, conditional upon his continued life, and with a contingent ultimate remainder to the daughter and the other son of the testatrix or the survivor. As to her son William, all that was set apart for him was bound by a trust for his life; all of his children were to have trust interests for their respective lives, and the ultimate remaindermen were to be the daughter and the other son of the testatrix or the survivor. It will be observed that there was no identity of provision, even as to the children of the testatrix, and that no general plan or scheme included all of her grandchildren. The children of the daughter were to inherit the mother's share. One specified child of one son was to have his father's share, if he lived to enjoy it. The children of the other son were, under no circumstances, to have more than the income of their father's share during their respective lives, and the principal was eventually to go to the daughter and the other son of the testatrix or their descendants or legal representatives. Under such circumstances it would manifestly be improper to set aside the carefully devised provisions of the testatrix in order to reach equality of division, when it is plain that equality was not intended by her.

The property which would have passed to Esther under the void trust created by the sixth clause of the will does not fall into the socalled residue, and is not controlled by the provisions of the eighth clause, because what is therein called the residue is described in the eighth clause, and the entire fund covered by the sixth clause is expressly excluded. As to this the testatrix died intestate. She was also intestate

as to the fund otherwise passing in trust for Esther under the eighth clause. The remainders as to the property which would have been operative after the trusts for the life of Esther fall with those trusts.

George E. Faile, a son of the testatrix, is still alive, and is entitled to the income of the share of the estate set apart for him under the eighth clause of the will. My jurisdiction to construe the will is limited by the necessities of the present accounting, and I cannot now determine what will be the rights of the parties in the contingency that George E. Faile should die before Edward Hall Faile shall have reached the age of 25 years.

In view of the amount and character of the services performed by the attorney for the executor, I will find as a fact that those services were reasonably worth the amounts paid him, and will overrule the objections to such payments. The other objections were withdrawn on the hearing before me.

Decreed accordingly.