MARY ALICE CARLISLE, Individually and as Executrix of the Last Will and Testament of ALMIRA H. DOMINICK, Deceased, and ROBERT JAMES CARLISLE, as Executor of the Last Will and Testament of ALMIRA H. DOMINICK, Deceased, Plaintiffs, *v.* DOMINICK WILLIAM RICH and VINCENT LAWSON RICH, Defendants.

(Supreme Court, New York Special Term, June, 1917.)

Wills — power of appointment — when attempted execution void.

The provisions of a will which attempt to execute a power of appointment conferred by will must be tested by reading into them the will which created the power.

The same clause of testator's will by which after the death of his wife he devised and bequeathed the remainder of his estate to his two children in equal shares, the share of any deceased child to be given to the children of such deceased child

Supreme Court, June, 1917. [Vol. 100.

should his wife believe it for the best interests of any or all of said children, authorized her to create any lawful trust in favor of such child or either of them by her last will and testament with like effect as if it had been created by the will of testator. *Held*, that a provision of the will of testator's widow, by which she created two trust funds in one-half of her estate in favor of two grandsons who were not in being at the time when the power of appointment was granted under the will of their grandfather, was void as an attempted execution of such power of appointment and that each of the two grandsons became the absolute owner of one-quarter of so much of the grandfather's estate as was left on the death of his widow.

ACTION for construction of a will.

Reeves & Todd (William P. Dalton, of counsel), for plaintiff Mary Alice Carlisle individually.

Zabriskie, Murray, Sage & Kerr (Charles L. Cole, of counsel), for defendants.

NEWBURGER, J. Francis J. Dominick died in 1895 leaving him surviving his wife and two daughters. By his will, after giving a life estate to his widow, he provided as to the remainder as follows: " *Third.* After the death of my said wife I give and devise my said estate unto my children, Edith L. and Mary Alice, in equal shares, the share of any deceased child to be given to the children of such deceased child, subject to the following qualifications, to wit, should my said wife deem it for the best interest of any or all said children, I hereby authorize her to create any lawful trust in favor of such child or either of them by her last will and testament with like effect as if herein created." The widow died in October, 1916, leaving a last will and testament in which she creates two trust funds in half of her estate, and in the eighth paragraph of her will makes the following provision. *"Eighth.* It is my

intention by this will to execute all powers given to me in trust by the will of Francis J. Dominick, my deceased husband.'' It has been repeatedly held that the provisions of a will which attempt to execute a power of appointment conferred by will must be tested by reading into them the will which created the power. *Fargo* v. *Squiers,* 154 N. Y. 250; *Matter of Harbeck,* 161 id. 211. It is also well settled that when the widow executed the power, the execution thereof must be read back into the will of her husband, Francis J. Dominick, and the gift to the two grandsons must be treated the same as if it had been made by the will of the donor of the power. *Farmers Loan & Trust Co.* v. *Kip,* 192 N. Y. 266; *Fargo* v. *Squiers, supra; Matter of Harbeck, supra.* The execution of the power by Almira H. Dominick is an attempt to create life estates for persons not in being at the time when the power was granted under the will of Francis J. *Matter of Pilsbury,* 50 Misc. Rep. 367; affd., 113 App. Div. 893; *Matter of Faile,* 44 Misc. Rep. 619; *Genet* v. *Hunt,* 113 N. Y. 158. I am therefore of the opinion that the attempted execution of the power by Almira H. Dominick is void, and each of the two grandsons becomes an absolute owner of one-quarter of so much of his grandfather's estate as is left on the death of the widow.

Ordered accordingly.