Proceeding to construe a will. Decree of the Suffolk County Surrogate’s Court modified on the law by striking out the first five ordering paragraphs, and by providing, in lieu thereof, as follows: With respect to the individual estate of decedent, theWrusts created in the first and fourth subdivisions of the twelfth paragraph of the will are entirely valid, but those in the second and third subdivisions are valid to the extent only that they are measured respectively by the lives of Celestine A. Drew and John Archibald Burchell and Catherine Burchell. With respect to the estate as to which decedent exercised power of appointment, the trusts created in the first, third and fourth subdivisions are invalid and that created in the second subdivision is valid only to the extent to which it is measured by the life of Celestine A. Drew. The provisions contained in the fifth subdivision are invalid in their entirety and for all purposes. Testatrix died intestate as of her death with respect to assets of either estate which remain undisposed of because of the falling in of the invalid trusts, with possession and enjoyment of corpus of the valid life estates created in the second and third subdivisions postponed until their respective terminations. As so modified, the decree is unanimously affirmed, without costs, and the proceeding is remitted to the Surrogate’s Court for the entry of a decree in accordance herewith. As to the appointive estate, alienation was unlawfully suspended during the lives of persons not in being at the time of the making of the deed of trust and creation of the power of appointment. (Genet v. Stmt, 113 N. Y. 158, 166-167, 170-171; Fargo v. Squiers, 154 N. Y. 250, 259.) We regard the provisions in the third subdivision as affording discretion to pay income during the lives both of the son and his present wife. All provisions in the second and third' subdivisions for further suspension during the lives of the three children are invalid, as are the provisions in the fifth subdivision. As to corpus undisposed of because of invalidity of trusts, decedent died intestate as of her death. (Clark v. Cammann, 160 N. Y. 315, 328-329.) Allocation of assets of the two estates in fulfillment of the obligations of testatrix and the provisions of her will cannot be determined on this record. (See Fargo V. Squiers, supra; Farmers’ Loan é Trust Co. v. Kip, 192 N. Y. 266; Low V. Bankers Trust Co., 270 N. Y. 143.) Present — Hagarty, Acting P. J,, Cars-well, Johnston and Sneed, JJ.; Nolan, J., not voting.