## Harris Trust

418

Before Klein, P. J., Bolger, Hunter, Lefever, Saylor and Shoyer, JJ.

422

424

*Frederick R. Drayton, Jr.,* and *John Horace Churchman,* for accountant.

*Thomas S. Weary* and *Maurice Heckscher,* for exceptants.

*Charles Myers* and *Barnes, Dechert, Price, Myers & Rhoads,* contra.

SAYLOR, J., February 13, 1953.—The guardian ad litem for minors and trustee for unascertained interests has filed exceptions to an adjudication opening a prior adjudication of the account of a trustee under a deed and awarding approximately two thirds of trust principal to heirs of the donor of a power of appointment in default of a legal exercise of that power. The exceptions are based on the argument that this court as one possessing equitable powers should: (1) Marshall the assets of the deceased trust settlor, thereby keeping the trust under the deed intact, and (2) apply

the doctrine of equitable election to deny the effort of donor's heirs or their legal representatives to benefit under the will both by acceptance of some of its terms and 30 years later by rejection of other terms.

The facts are fully stated in the petition and answer and in the opinion of Lefever, J., dated November 21, 1952. They need not be restated here. Suffice it to mention merely the following:

Mary Powers Harris by will bequeathed sums of money specifically out of her own estate, other sums without specification and approximately $10,000 out of one third of the residuary estate of her father, Thomas H. Powers, over which he had given her a power of appointment. Such amount was paid over to the trustee under a deed of trust created by Mrs. Harris in 1917. In making this award by adjudication in 1922, Judge Gummey of this court ruled that gifts of income to grandchildren of the settlor for life were unquestionably valid, but added:

"Whether the ultimate gifts under the deeds of trust for the benefit of (her) grandchildren are too remote, and therefore in violation of the rule against perpetuities, is not now before the Court . . . it will be soon enough to decide whether the provisions to take effect upon the death of a child offend the rule against perpetuities when that event happens."

This adjudication was confirmed, the legatees of Mary Powers Harris, including her three children, received substantial awards from her estate, and administration of the trust principal under her deed as augmented from her father's estate was continued without incident until 1950. Then the trustee's first account was filed and audited by Judge Sinkler. By adjudication he awarded the balance of principal to the accountant in trust for the uses and purposes declared in the deed. The question of a possible violation of the rule against perpetuities was not called to the

430

attention of the auditing judge and written notice of the audit was given only to the executrix of settlor's grandson whose death caused the filing of the account and whose two minor children are represented by the guardian ad litem. The grandson, Ross J. Harris, was born after the death of settlor's father, Thomas H. Powers. The limitation over to settlor's children did not vest until 1948, more than 26 years after her death. Had the matter remained there these minor children would be paid the income from the trust principal of approximately $15,000 until each became 21 years old and thereby entitled to one half the principal.

However, one of the settlor's three children died on September 22, 1950. He was known as Thomas Harris Powers (although as the son of a father and mother named Harris his real name was Thomas Powers Harris). He had received income to the extent of some $400,000 from his mother's estate during the preceding 30 years. The executor of his will filed a petition with this court for review of Judge Sinkler's adjudication on the ground that provisions of the deed in favor of Ross J. Harris's minor children violated the rule against perpetuities and therefore the default clause in settlor's father's will was operative and one half of approximately $10,000 placed in trust by settlor by will effective 30 years previous should be paid over to such executor.

It is admitted by all parties that the trust for Ross J. Harris's grandchildren violates the rule. The guardian and trustee ad litem nevertheless seeks to avoid loss to the minors for whom he speaks at the aggrandizement of the estate of their deceased uncle by invoking two principles of law: (1) The marshaling of assets of the deceased settlor's estate, and (2) the doctrine of equitable election. Hence the guardian's exceptions to the opinion of Judge Lefever and his able and well-considered brief in support of his position. His presen-

tation has impressed the court. His appeal to our sympathies based upon the circumstances of the case and his plea that we exercise our equitable powers in behalf of his client are most moving. Nevertheless, we cannot accept his position.

1. *The Marshaling of Assets.*—Under the law of Pennsylvania this court in this case should not direct the marshaling of the assets owned by decedent at her death and appointed by her in exercise of the power given by her father. Most certainly this court may not do so where there is no ambiguity or silence in the donee's will as to the exercise of her power of appointment. Mrs. Harris expressly exercised her power. She clearly showed her intention that the fund needed to increase from $5,000 to $15,000 the principal of the trust under her deed was to come out of her father's estate, just as various legacies were to be paid out of her own estate. Reliance by exceptant on decisions of the courts of the State of New York cannot affect the situation in Pennsylvania where such circumstances exist. The case of Fargo v. Squiers, 154 N. Y. 250 (1897), does not support him, for there the donee after announcing her intention to dispose of her individual estate as well as that over which she had the power of appointment made specific bequests "without specifying whether the payments should be made out of her individual estate, or that of which she had the power of appointment."

Moreover, the New York cases on marshaling do not go to the extent of permitting it in violation of the rule against perpetuities. In any case, as was said in Matter of Brown, 169 N. Y. Misc. 43 (1938), the doctrine of marshaling "may not be applied in defiance of a direct or necessarily implied direction in the will of the donee that the individual property of the donee shall be applied in the solution of a particular gift since such application would result in a direct subversion of the testamentary direction."

Mary Powers Harris prescribed that the trust principal under the deed should be augmented under the power of appointment. Whether under advice of counsel she might have provided otherwise to avoid possible violation of the rule against perpetuities by the circumstances later to develop is beside the point. Her will is her act. She chose to do as she did and this court would not find any justification for now changing the effect of her act of 30 years ago.

2. *The Equitable Election Doctrine.*—Exceptant argues that by receiving benefits as a life tenant under his mother's will Thomas Harris Powers elected to approve all of the provisions therein and that neither he nor his executor can now reject part of her will. That is to say, the principle of equitable election prevents him from raising the rule against perpetuities as a bar to Judge Sinkler's award in favor of the minor remaindermen. To accept this position the court would be turning its back on what has been recognized for centuries as a settled rule of property law in Pennsylvania.

The difficulty with exceptant's position is that there could have been no election by Thomas Powers Harris when the account of his mother's estate was adjudicated pursuant to the provisions of her will in 1922. Judge Gummey's adjudication reserved the question of the possible application of the rule against perpetuities until the time came when it might properly be invoked. His award of the life estates concurrently with the statement of that reservation was sufficient justification for acceptance by the life tenant of income from his mother's estate while holding the assurance that he, or his personal representative, would not be estopped from asserting at the first time either could properly do so a right to the remainders available to either were the rule to come into play. There would be no equity in imposing on the life tenant as a bar to his accept-

ance of income the possible penalty of a veto on his right to invoke the rule when first the occasion arose. (That this really occurred when the first account of the trustee under the deed came before the court for adjudication was not then known to the life tenant or his executor is explained by the accountant's failure to give him notice. This error has been corrected by Judge Lefever).

It is not necessary more fully to consider the non-applicability of the doctrine to the circumstances of this case. As Judge Lefever has said in his opinion the two essentials to the invocation of the doctrine are: (1) A full knowledge by the person concerned of the inconsistent rights and of the need for him to choose between them, and (2) an intention to elect manifested either expressly or by acts which imply choice and acquiescence. Neither of these two conditions existed in 1922 when Thomas Harris Powers accepted the award under Judge Gummey's adjudication.

In summary, exceptant has failed to establish the wisdom or the propriety of this court, possessed as it is of equitable powers, to suspend the application of the rule against perpetuities either on the basis of the principle of the marshaling of assets or on the doctrine of equitable election, under the facts and circumstances of this case. Even were the law of Pennsylvania and the facts to permit the former, the inaction (however explainable that might be) of representatives of those individuals barred by the rule in failing to assert the principle of marshaling at the time the estate of the donee was distributed would be considered as laches preventing the raising of such question at this late day. And the doctrine of equitable election cannot be here applied as a principle because until the time arrived for raising the matter of the application of the rule against perpetuities there was neither the occasion nor the need for anyone to assert it.

434

Whatever the loss to the minor children of Ross J. Harris that results from the denial of their position as asserted and ably argued by their representative, there has been no denial of their rights under law.

For these reasons the exceptions are dismissed and the adjudication is confirmed absolutely.