Samuel H. Hofstadter, J.
The trustees under two deeds of trust have instituted this proceeding for the settlement of their accounts, for a determination of the question whether the power of testamentary appointment reserved by the settlor in the two deeds of trust was validly exercised by him, and for other incidental relief.
The settlor Benjamin Van Horne Vingut on September 21, 1904, by deed of trust, transferred certain property to trustees, with directions to pay the income to him for life, and on his death to dispose of the property as he should by will appoint and, in default of appointment, to divide it among his brothers and sisters and their issue per stirpes. On June 19, 1928, by a second deed of trust, the settlor conveyed various parcels of real property to two individuals ‘ ‘ as trustees under an indenture dated September 21, 1904 ”, upon the same trust terms as those contained in the first deed. The settlor died on December 20, 1956, leaving a will, admitted to probate in the Surrogate’s Court of New York County, in which, as will appear, he appointed the trust property in favor of his wife. Since his wife was born after the 1904 but before the 1928 trust was established and, to ascertain whether there has been an unlawful suspension of the power of alienation, the provisions of the will exercising the power of appointment must be read into the deeds of trust which created the power (Fargo v. Squiers, 154 N. Y. 250), the question has arisen whether a forbidden suspension results from the exercise of the power of appointment.
By his will the settlor gave his residuary estate to his trustees to pay the income to his wife during her life. He exercised the power of appointment explicitly, by appointing *162 the property subject to it: “upon the trust for my said wife insofar as the said appointment shall not contravene with any laws of the State of New York relative to the suspension of the power of alienation. Should such appointment to my trustees for the benefit of my wife as aforesaid contravene with the laws of the State of New York, or any other jurisdiction wherein the said property may be situated, then I appoint the said property to my said wife absolutely and forever.”
All the parties agree that since the wife was not in being when the 1904 trust was created, the trust under the will for her life would contravene the laws of New York and that, at least as to the property which went into the trust in 1904, the alternative appointment is operative and the wife takes this outright.
The wife does not question the validity of the appointment to her in trust of the property embraced in the 1928 trust. The court holds such appointment to her in trust to be valid. Though the terms of the 1928 trust are the same as those of the 1904 trust and the two instruments, except for minor verbal differences, are practically identical, nevertheless the fact remains that the 1928 trust was created by a new and separate instrument, complete within itself. Since the trustees under both trusts were the same individuals, the phrase “trustees under an indenture dated September 21, 1904 ” in the 1928 deed of trust, the only mention in it of the 1904 trust, may be treated as merely descriptive of these individuals, rather than expressive of an intention to make the second trust an integral part of the first. The latter objective could have been accomplished much more readily by an instrument simply adding the later property to the original trust upon the terms of the 1904 deed of trust. The execution of a new, complete deed of trust strongly supports the view that a separate trust was intended.
Even if, for the sake of argument, it is assumed that the property placed in trust in 1928 became part of the 1904 trust, nevertheless it was not put into the trust until delivered to the trustees in 1928. It is readily identifiable and separable from the property taken by the trustees initially in 1904; indeed, the account of the trustees consists of two sections, one with respect to the 1904, the other with respect to the 1928 trust. The power of alienation over the property conveyed to the trustees in 1928 did not become suspended until 1928, upon its conveyance to them. "Whether the property placed in trust in 1928 became part of the 1904 trust or became the subject of a newly created trust, the suspension of the power of alienating it did not begin until 1928. At that time the settlor’s wife was in being and there is consequently no legal obstacle to *163 continuing it in trust during her life. It follows that the appointment in his will in trust for his wife is valid and effective,'insofar as it affects the property placed in trust in 1928.
The trustees will make distribution pursuant to this determination, subject to the reservation of sufficient property to discharge the obligation of the trust to pay its share of estate taxes. Proceed accordingly.