Francis X. Conlon, J.
Petitioner herein seeks a judicial determination as to the persons entitled to receive the principal of the trust and also for an order judicially settling trustee’s final account of the said proceedings as trustee under the trust agreement.
In vieAV of the consensus of agreement on the issue that the NeAV York Iuav is controlling in this estate, the remaining issue *561 as to the exercise of the power of appointment is disposed of as follows: Even if the will of the primary income beneficiary be deemed to be an exercise of the power of appointment granted to her, it is not because of any actual indication of intent on the part of the said primary income beneficiary, but only by the authority of section 18 of the Personal Property Law which provides that the residuary clause of a will shall be deemed to constitute an exercise of the power of appointment.
In these premises, if it is argued that there was an exercise of the said power by the residuary clause of her will which appointed the trust property in further trust for the benefit of her two sons, then it is apparent that the appointment is invalid, since neither of the said two sons were in being at the time of the creation of the trust under the trust agreement herein (Fargo v. Squiers, 154 N. Y. 250; Matter of Phelps, 159 N. Y. S. 2d 55; Matter of City Bank Farmers Trust Co., 70 N. Y. S. 2d 465; Real Property Law, § 178; Guaranty Trust Co. of N. Y. v. New York Trust Co., 297 N. Y. 45).
Since the said primary income beneficiary has failed to appoint or has invalidly or ineffectively appointed the said trust property, she has in effect, not validly exercised said power, and the principal of the trust fund herein shall be paid in the precise language of Paragraph I of the trust indenture, as follows: ‘ ‘ the Trustee shall transfer and convey all of the then principal of the trust estate in accordance with any valid provisions with reference thereto contained in the last Will and Testament of said Dorothy E. Counsehnan, or to the extent of any default in effective provisions with respect thereto contained in such Will, to the then living lawful descendants of said Dorothy E. Counsehnan, per stirpes ”, that is, in equal shares to Dorothy E. Counsehnan’s three children.
The account is judicially settled and approved, as filed. Statutory commissions of $3,951.90 are approved for payment. Settle order to effectuate the foregoing, at which time all affidavits of services will be received and evaluated.