THOMAS A. MAITLAND, as Executor, etc., of SARAH PARISH DILLON, Deceased, Plaintiff, *v.* TOWNSEND B. BALDWIN, as Executor, etc., of ROBERT JAMES DILLON, Deceased, Defendant.

70h    270
e 39 Mis 413

*Testamentary power of appointment — express trust — suspension of the power of alienation.*

In considering the validity of appointments under powers contained in wills, the appointment is to be read as though it had been incorporated in the original will.

A will contained the following provision: "At the death of my wife I give fifty thousand dollars in such manner and form and to such person or persons as she by her last will and testament may direct, limit and appoint." The wife survived the testator, and at her death left a will in which she directed and appointed her executor to receive the sum referred to in the above provision of her late husband's will and to invest the same and to pay one-fifth of the income to each of five several persons named, during their respective lives; and after the death of certain of such beneficiaries, she appointed other persons to receive their respective shares of income for life.

*Held,* that the power of appointment was not limited to a direct and absolute gift, but permitted the wife, in exercising it in her will, to place limitations upon the absoluteness of the enjoyment within the restrictions prescribed by law;

That the provision in the wife's will created an express trust and clothed the trustee with the legal title to the fund;

That if the appointment was invalid in respect to the secondary beneficiaries named therein because it suspended the power of alienation for more than two lives in being (which is not decided) the limitation to the first takers was not subject to that criticism;

That the infirmity in respect to the suspension of the power of alienation, if it existed, did not pervade the whole trust; and as the first takers under the appointment, for life, were not subject to the infirmity, the trust seemed to be good as far as the appointment to them was concerned, even if it might be invalid as to the others.

*Haynes* v. *Sherman* (117 N. Y. 433), distinguished.

Under the statutes of the State of New York (1 R. S. 737, § 128), it is allowable to suspend the power of alienation in reference to a trust estate by an instrument in execution of a power.

MOTION by the plaintiff, Thomas A. Maitland, as executor of the last will and testament of Sarah Parish Dillon, deceased, for judgment upon a verdict rendered in his favor, subject to the opinion of the General Term, by direction of the court at the New York Circuit on the 20th day of March, 1893.

*J. E. Ackley*, for the motion.

*S. P. Nash*, opposed.

VAN BRUNT, P. J.:

This action was brought to recover a legacy. The facts of the case are as follows : One Robert J. Dillon died in November, 1872, leaving a last will and testament which contained the following provision : "At the death of my wife I give $50,000 in such manner and form and to such person or persons as she by her last will and testament may direct, limit and appoint." He named as one of his executors Townsend B. Baldwin who is now the sole surviving executor and trustee of said will. His wife, Sarah Parish Dillon, died on the 31st of October, 1891, leaving a last will and testament in which she named the plaintiff as one of her executors who alone qualified. Mrs. Dillon by her said will, after giving some specific legacies, provided as follows :

"*Item.* As to the sum of fifty thousand dollars (50,000), over which I have a power of disposition given me by my late husband, Robert James Dillon, in and by his last will and testament in the words following, to wit:

" ' *Fourthly.* At the death of my wife I give fifty thousand dollars in such manner and form and to such person or persons as she by her last will and testament may direct, limit and appoint,' I direct, limit and appoint as follows :

" I direct and appoint my executors hereinafter named to receive the said sum of fifty thousand dollars, and to invest the same in any securities in which trustees are authorized to invest trust funds by law, and to pay one-fifth of the income thereof to Helen McLean, daughter of George W. McLean, of New York city, for and during the term of her natural life ; and another one-fifth of said income to Frances Cuddon, known as Sister Mary Stanislaus, of St. Edward's Convent, of London, for and during the term of her natural life ; and I direct and appoint Mrs. Susan O'Sullivan, wife of John O'Sullivan, of New York city, to receive the income of one-fifth of said principal sum of fifty thousand dollars for and during the term of her natural life ; and I direct and appoint Mrs. Charles Beattie, wife of Rev. Charles Beattie, of Middletown, New York, to receive one-fifth of said income for and during the term of her natural life, and upon her death, I appoint her husband to receive said income during his life, and upon his death, or upon the death of Mrs. Charles Beattie, whichever shall last occur, I appoint her children to receive one-fifth of the principal sum of fifty thousand dollars, to be divided equally between them as they severally attain the age of twenty-one years, the eldest child of any deceased child dying in the lifetime of Mrs. Charles Beattie to take such part of said sum as its parent would have taken, if living ; and I direct and appoint Miss Rachel Cecilia Clark, of New York city, to receive the income of one-fifth part for and during her natural life, and upon her death I appoint her mother, Margaret Cecilia Clark, to receive said income for and during her natural life should she survive her said daughter."

The defendant having refused to pay over to the plaintiff the said $50,000, this action was brought to recover the same. Upon the trial a verdict was directed for the plaintiff subject to the opinion of the court.

Various grounds are urged against the right of the plaintiff to recover.

It is claimed that the appointment made by Mrs. Dillon's will is not authorized by the power, it being contended that the language

of Mr. Dillon's will implies a gift directly to some person or persons, and not a trust for the benefit of indefinite beneficiaries. The familiar rule in reference to the validity of appointments under powers contained in wills, seems to be that the appointment is to be read as though it had been incorporated in the original will. And applying this rule of construction to the will and the appointment in the case at bar, it would seem that the language is not susceptible of the construction claimed on the part of the defendants. The gift is not to such person or persons as she may appoint simply, but it is a gift "in such manner and form and to such person or persons as she by her last will and testament may direct, limit and appoint;" thus giving the appointee, within the limits of the law, the right to designate the manner and form in which the appointment shall be made, and necessarily the manner and form of the enjoyment under the appointment.

It would seem, therefore, that under such a general power conferred by the will, it cannot be said that the power of appointment is limited to a direct and absolute gift, but the person exercising the power may place limitations upon the absoluteness of the enjoyment within the restrictions prescribed by the law.

It is further urged that the provisions of Mrs. Dillon's will did not vest her executors with the legal title to the $50,000, but simply authorized the executors to receive the sum of $50,000, and invest the same, paying over the income as in the will provided; and that this was a power in trust, and did not confer the legal title to the fund upon the executors.

Upon a reference to section 55, page 728, volume 1 of the Revised Statutes, we find express trusts defined. The language of the statute is: "Express trusts may be created for any or either of the following purposes * * * (3) To receive the rents and profits of lands and apply them to the use of any person during the life of such person, or for any shorter term, subject to the rules prescribed in the first Article of this Title." And by section 2, page 773, volume 1 of the Revised Statutes, the provisions in regard to real estate are made applicable to personal property.

It would, therefore, appear that a devise to trustees of this $50,000 to invest the same and pay over the income as in the will provided,

created an express trust, and the trustee was clothed with the legal title.

It is further urged that the appointment is invalid, as it suspends the power of alienation for more than two lives, as to a part of the $50,000.

As to this point, it seems to us sufficient to say that it is not necessary at present to decide the proposition. The limitation to the first takers under the will is not subject to this criticism; because even if these limitations had been incorporated in the will of Mr. Dillon, they would have been within the protection of the statute and valid.

But it is urged that the trust cannot be sustained upon the theory that the provision for the life of some of the appointees may be good, as there is but one trust for several objects, and the donor's scheme would be subverted by only partially enforcing it. And we are cited to the case of *Haynes* v. *Sherman* (117 N. Y. 433). But upon an examination of that case, it appears that it is not at all applicable to the case at bar, in view of the fact that there the infirmity in reference to the trust pervaded the whole trust, and it was not an invalid direction to take effect upon the termination of a valid provision as in the case at bar. If the subsequent provisions of the appointment of Mrs. Dillon are subject to the criticisms claimed upon the part of the defendant, it will undoubtedly prevent those appointees from profiting by the appointment. But as the first takers under the appointment, for life, are not subject to this infirmity, the trust seems to be good as far as such appointment to them is concerned, even if it may be invalid as to the others, which latter point, however, we do not pretend to decide, as it is not necessary in the disposition of this case.

It is further urged that it is not allowable to suspend the power of alienation in reference to a trust estate by an instrument in execution of a power. And we are referred to 1 R. S. 737, § 128, and to *Dana* v. *Murray* (122 N. Y. 604), as authorities for this proposition. But an examination of the statute and the case cited, seems not to support this contention. In fact the statute expressly recognizes the right to suspend the power of alienation, by an instrument in execution of a power. It is to the following effect: "The period during which the absolute right of alienation may be suspended by

any instrument in execution of a power, shall be computed, not from the date of such instrument, but from the time of the creation of the power."

This is entirely in harmony with the principle which has already been enunciated, that the question of the validity of an appointment is to be determined by reading it as though contained in the original instrument conferring the power of appointment; in the case at bar, by reading the appointment of Mrs. Dillon into the will of Mr. Dillon we must determine whether had the appointment been therein contained, it would have been valid. To the same effect is the case cited. Indeed there seems to be no doubt as to this proposition.

Applying this rule of construction to the will of Mr. Dillon, and the appointment of Mrs. Dillon thereunder, it would seem, as already suggested, certainly as to the first lives contained in the appointment, that it was good, no matter what may be the determination as to the subsequent estates attempted to be created. As to the point that the proper parties are not before the court, it seems to be sufficient to say that this being an action at law and no such objection having been taken either by answer or demurrer, the same was waived.

We are of opinion, therefore, that the motion for judgment upon the verdict should be granted, with costs of this application and costs in the court below.

FOLLETT and PARKER, JJ., concurred.

Motion for judgment upon the verdict granted, with costs of this application, and costs in the court below.