(9 Misc. Rep. 316.)

### FREAR v. PUGSLEY et al.

(Supreme Court, Special Term, New York County. June, 1894.)

1. TESTAMENTARY POWERS—EXECUTION.
   A bequest of property to trustees, with power to the cestui que trust of disposition by will, is a valid execution of an absolute power of disposition given by will.

2. WILLS—SUSPENDING POWER OF ALIENATION.
   Where a beneficiary to whom property is bequeathed for life, with power of disposition by will, bequeaths the same to trustees, with power to the cestui que trust of disposition by will, it is not an illegal suspension of the power of alienation.

Action by Margaret Ann Frear against Frederick W. Pugsley and others to establish a trust. Judgment for defendants.

Louis V. Booraem, for plaintiff.

Frank Hasbrouck, for defendants.

TRUAX, J. Alexander Frear died in 1882, leaving his widow, the plaintiff, surviving him. By his will he appointed the plaintiff and the defendants Bartley and Tompkins trustees of certain trusts created in the will. The plaintiff never acted as such trustee. The testator gave to the trustees named in the will $20,000 to be placed on bond and mortgage, and he directed the trustees to apply the income and interest thereof to the use and benefit of his sister, Helen M. Dean, during her life, and gave to his said sister "power and authority to dispose of said principal sum of $20,000 by last will and testament." He made his wife and the defendant Tompkins resid-

uary legatees.    Under the provisions of the will, $16,050 was set aside for the benefit of Helen M. Dean, and during her life she was paid the income of that sum.    She died, leaving a last will and testament, by which she appointed her daughter Sarah A. Watson executrix, and Alfred B. Smith and Frederick W. Pugsley, executors, of her last will and testament.    The material portions of her will, as far as this action is concerned, are the following:

"First. After all my lawful debts are paid and discharged, I give, devise, and bequeath to my executors hereinafter appointed, to hold in trust, and to invest and reinvest on first bond and mortgage on real estate, the sum of four thousand dollars out of the money now held in trust for me by the executors of the estate of Alexander Frear (with the right and power given me to devise by will), and to pay over the income thereof to my daughter Sarah A. Watson, for the support of her daughter, Adelaide C. Watson.    In case of the death or marriage of the said Adelaide C. Watson, I will and bequeath the said income to my daughter Sarah A. Watson for life, and give to her, said Sarah A. Watson, the right and power to bequeath the said four thousand dollars by her last will and testament.    Second. I give, devise, and bequeath to my executors hereinafter appointed, to hold in trust, and to invest and reinvest on first bond and mortgage on real estate, one-half of the money (after deducting the four thousand dollars above bequeathed) which is now held by the executors of my brother Alexander Frear, deceased, in trust for me, and to pay over the income arising therefrom to my daughter Sarah A. Watson, when so received, during the term of her natural life.    I also give to her the right to bequeath the above-mentioned property by her last will and testament.    Third. I give, devise, and bequeath to my executors hereinafter appointed, to take and to hold in trust, to invest and to reinvest on first bond and mortgage on real estate in Dutchess county, N. Y., the remaining one-half of the money which is held by the executors of my brother Alexander Frear, deceased (after first deducting from the whole the amount of $4,000 bequeathed in section one of this, my will), in trust for me, and to pay over the income arising therefrom to my daughter Jane F. Phelps at least once a year during the term of her natural life, and after her death I give it to my daughter Sarah A. Watson, and to her heirs, in fee."

All the rest of her estate she gave to her daughter Sarah A. Watson, in fee.    Letters testamentary on the above will were issued to Sarah A. Watson on the 20th of December, 1890.

On the 13th of January, 1891, the defendant Bartley, as executor and trustee under the will of Alexander Frear, delivered to the said Sarah A. Watson, who was at the time sole executrix of the will of Helen M. Dean, deceased, certain securities, amounting to $16,050, which securities formed the trust fund created by and under the will of Alexander Frear for the benefit of Helen M. Dean.    Some of these securities, Sarah A. Watson collected, and applied in various ways to her own use,—principally, in the purchase of a house and lot,—and some of them remained in her possession at her death.    She died in August, 1892, leaving her daughter, Adelaide C. Watson, her only heir and next of kin, and also leaving a last will and testament, by which she gave, devised, and bequeathed all her property to her said daughter, and by which she appointed her said daughter executrix and Robert E. Taylor executor, both of whom duly qualified. Adelaide C. Watson died in November, 1893, leaving a last will and testament, by which she appointed the defendant Frank Hasbrouck executor, and gave him authority, and directed him, to sell all the real property of which she died seised, and to convert the same into money for the purposes of distribution.    She gave all her property,

both real and personal, to the defendants Gilbert and Lawsen. The defendant Hasbrouck has duly qualified as such executor. The plaintiff and the defendant Tompkins seek to have a trust in their favor impressed upon the securities turned over as aforesaid by the defendant Bartley, and upon the proceeds of the sale of such said securities, as far as they can be traced, and that the executor of said Helen M. Dean, the executor of said Sarah A. Watson, and the executor of said Adelaide C. Watson account for such securities and proceeds, and pay over the same, share and share alike, to said plaintiff and said Tompkins.

It is contended on the part of the defendants, who claim under Helen M. Dean, that, as legatees under the will of Alexander Frear, the plaintiff and the defendant Tompkins have no standing in court to ask for a construction of said will. It is true that said plaintiff and Tompkins do ask for a construction of said will, but a construction of it is not necessary in order to maintain this action; and the plaintiff and the defendant Tompkins should receive that relief that the pleadings and proofs show that they are entitled to receive, although they may have demanded too much. Wetmore v. Porter, 92 N. Y. 80. Nor, strictly speaking, is a construction of the will of Helen M. Dean necessary. All that is necessary, as far as that will is concerned, is to determine whether she has or has not availed herself of the power of disposition given to her by the will of Alexander Frear. If she has, judgment should be against the plaintiff. If she has not, judgment should be in favor of plaintiff and the defendant Tompkins. It was said by the court of appeals in Wetmore v. Porter, Id. 76, that whoever receives property, knowing that it is the subject of a trust, and has been transferred by the trustee in violation of his duty and power, takes it subject to the right of the cestui que trust to reclaim possession or to recover for its conversion.

It now remains to be seen what power of disposition was given to Helen M. Dean by the will of Alexander Frear. That will gave in trust to his "executors" a certain sum of money, the income of which they were to pay to said Helen M. Dean during life, and to said Helen M. Dean was given power and authority to dispose of said sum by last will and testament. She attempted to dispose of it by giving a portion of it to her executors in trust, to pay the income of such portion to her daughter Sarah A. Watson for the support of her daughter, Adelaide C. Watson, and, on the death or marriage of said Adelaide, to pay the income of such portion to Sarah, for life, with power to said Sarah to "bequeath such portion by her last will and testament;" another portion she gave to her executors in trust to collect the income thereof, and to pay the same to said Sarah during her life, with power to said Sarah to "bequeath such portion by her last will and testament;" while the remaining portion she gave to her executors in trust, to collect the income thereof, and to pay the same to the defendant Jane F. Phelps during her life, and on her death she gave it to said "Sarah A. Watson, and to her heirs, in fee." It is claimed on the part of the plaintiff that the power given by the will of Alexander Frear has not been executed, and that the fund held in trust for Helen M. Dean has become a part of the residuary estate of said

Alexander Frear, and is to be distributed as such according to the terms of his will. The plaintiff cites two cases as authorities for the proposition that the above-mentioned disposition by Helen M. Dean was not a valid disposition under the will of Alexander Frear, and, by a curious coincidence, the defendants cite the same two cases as authorities to sustain such dispositions. The cases cited are Crooke v. Kings Co., 97 N. Y. 421, and Maitland v. Baldwin, 70 Hun, 267, 24 N. Y. Supp. 29. I am of the opinion that the case first cited supports the contention of the defendants. The facts in it are as follows: Mrs. Catin devised certain property to her executor and trustee in trust, to collect the income thereof, and to pay the same to her daughter during her life, with power and authority to her said daughter to dispose of all and of every part thereof by grant or devise; and in case said daughter should not dispose of the same by grant during life, or by devise at her death, then said estate was to vest in the children of said daughter. The daughter disposed of said property by devising it in trust to her husband, to collect the income thereof, and to apply the same to the support of her children during the life of her husband, and on his death to her children, with power to said husband to sell and convey all or any portion of said estate. This was held to be a valid execution of the power of disposition contained in the will of Mrs. Catin. Judge Earl, in his opinion in the Crooke Case, said:

"I see no reason, no principle of law, no rule of public policy, which requires us to hold that such a disposition as Mrs. Crooke made of the real estate which came from her mother was not a valid execution of the power conferred upon her; and this is so, although we suppose that during her life there was a valid outstanding trust, and that she took no estate in the land, having simply the absolute power of disposition by will."

Judge Earl also referred to the case of Cutting v. Cutting, 86 N. Y. 522, in which case it appeared that Gertrude Cutting gave a share of her estate to her executors in trust, to receive the rents and profits thereof for the life of Fulton Cutting, and apply them to his use, with remainder to such person or persons as said Fulton Cutting should appoint by his last will, and, in default of such appointment, to his children. Fulton Cutting, by his will, appointed that the estate should be conveyed to Walter L. Cutting, to be held by him upon trust for his two sons, and after their death to their lawful issue. Judge Earl said that the question actually determined in the Cutting Case could arise only upon the assumption that there had been a valid execution of the testamentary power given to Fulton Cutting. Judge Earl, in conclusion, said:

"There is abundant authority for holding that the execution of the absolute testamentary power of disposition given to Mrs. Crooke could be delegated to her husband; and I am confident that there is not a dictum, or even a hint, to be found in any text-book or judicial opinion to the contrary, and to me it is inconceivable how there could be any."

Maitland v. Baldwin has no bearing upon the point now under discussion.

The plaintiff also contends that the provisions of the will of Helen M. Dean are to be read, and have the same legal effect, as if they

were in the will of Alexander Frear, and that, so read, as to part of the fund, there would be illegal suspension of the power of alienation, and that, therefore, the clause relating to the fund, of which she had the power of disposition, being bad in part, would become invalid. I do not think that this contention is valid. Mrs. Dean had absolute control over the fund by will. She could dispose of it as though it were her own. She did dispose of it as though it were her own, and the form that disposition should take is not at all indicated by the will of Mr. Frear, and does not relate back to that will for any purpose, except the power of disposition. Judgment is ordered for the defendants, except the defendants Bartley and Tompkins, with costs and an extra allowance of $500 to be divided among the defendants.