ANN CHEEVER, Appellant, *v.* HENRY DURANT CHEEVER and CLIFTON P. WILLIAMSON, Personally and as Executors of and Trustees under the Last Will and Testament of JOHN D. CHEEVER, Deceased, and Others, Respondents.

First Department, February 18, 1916.

Real property — trusts — will — general beneficial powers — power of appointment — suspension of absolute ownership of personal property.

A testator's father executed a deed of trust under which the testator became the life beneficiary of the income of 71 shares of corporate stock, with power of appointment to dispose thereof absolutely by will to any person whomsoever. His mother executed a similar trust deed of 527 shares of stock of the same corporation, making him a life beneficiary with a similar power of appointment. The testator by will in effect provided that the trust property be kept *in solido* for convenience of investment, the income being given in two equal shares, one to his wife and the other to his daughter, each half of the principal being liberated upon the death of the life beneficiaries, and disposed of in a certain specified manner. The will did not specifically provide to which beneficiary the property appointed under each power should go, nor did it apportion the property appointed under each power between the two beneficiaries.

---

First Department, February, 1916.          [Vol. 172.

*Held,* that the powers of appointment given in each trust deed are general beneficial powers;

That it was the intention of the testator to create separate trusts;

That such trusts do not suspend the absolute ownership of personal property beyond two lives in being in violation of section 11 of the Personal Property Law, although the testator's daughter was not in being at the time of the execution of the first trust deed, since the shares of stock under said deed were severable in kind and may be embraced in the trust created for the benefit of the testator's wife.

The power given by the testator to his daughter to appoint to further uses does not violate the statute against perpetuities.

APPEAL by the plaintiff, Ann Cheever, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 2d day of August, 1915, upon the decision of the court after a trial at the New York Special Term construing the will of John D. Cheever, deceased.

*William P. S. Melvin,* for the appellant.

*Edward W. Walker,* for the respondents.

Judgment affirmed, with costs, on opinion of GREENBAUM, J.

Present — CLARKE, P. J., McLAUGHLIN, LAUGHLIN, SCOTT and PAGE, JJ.

The following is the opinion of the court below:

GREENBAUM, J.:

This action involves the construction of the will of John D. Cheever, deceased. The assets of the estate consist of personal property only. The questions presented arise out of the opposing contentions of the plaintiff, the widow of the testator, and the defendant Gertrude Cheever Porter, daughter and only child of the testator by his first wife, both beneficiaries under the trusts created by the will. It appears that on June 21, 1884, the testator's father executed a trust deed, under which the testator became the life beneficiary of the income of a certain block of corporate stock. The trust deed conferred a power of appointment upon the testator in the following terms: "To pay over and divide the said two hundred and fifty shares of stock, or the proceeds thereof, to and among such person or

persons as the said John D. Cheever may by his last will and testament, duly proved and admitted to probate, give and bequeath the same specifically, or, if the said John D. Cheever should not give and bequeath the same specifically, or should he die intestate, then to pay over and divide the said two hundred and fifty shares of stock, or the proceeds thereof, to and among those persons who would then be entitled to take the personal estate of the said John D. Cheever according to the laws of the State of New York in cases of intestacy." ·

On January 4, 1904, testator's mother, Anna D. Cheever, also executed a trust deed, by which she created a trust fund of a certain number of shares of stock, the income to be paid to her son for life, with power of appointment to him in the following terms: "To pay over or divide the said shares of stock, or the proceeds thereof, to or among such person or persons and in such proportions as the said John D. Cheever may direct or appoint by a last will and testament, duly proved and admitted to probate, or in default of such specific direction or appointment, then to pay over or deliver the said shares of stock, or the proceeds thereof, to or among the person or persons who would be entitled to take the personal estate of the said John D. Cheever under the laws of the State of New York, and in the proportion prescribed by such laws in case he died intestate."

The will of the decedent in paragraph " Sixth" thereof gave all the residue and remainder of his estate and all the property of which he had the power of disposition under the two trusts above described to trustees upon certain trusts, thereinafter declared as follows:

" I direct that one-half of all the profits, interest and income of said trust estate or fund, as the same shall be received by my said trustees, after deducting their expenses, commissions and disbursements, shall, during the life of my daughter, Gertrude G. Cheever, be paid by my said executors and trustees to my said daughter, and the remaining half to be paid to my wife, Ann Cheever, during her life    *    *    *."

" *Tenth.* Upon the death of my said daughter, Gertrude G. Cheever, leaving issue or descendants her surviving, I give, devise and bequeath and direct my said executors and trustees

First Department, February, 1916.     [Vol. 172.

to divide and distribute one-half of the entire principal of said trust fund or estate, share and share alike, to and among the said children of my said daughter then living, and to and among the lawful issue of any child or children of my said daughter then dead, *per stirpes* and not *per capita*, so that the lawful issue of any dead child shall together receive the share of such deceased child.   *Eleventh.* Upon the death of my said daughter, Gertrude G. Cheever, leaving no issue or descendants her surviving, I will and direct that one-half part of the principal of her share of said trust fund or estate shall be paid and given to such person or persons and in such proportions as my said daughter may direct or appoint by her last will and testament duly proved, and that all the remainder of her share of such trust fund or estate, and in default of such direction or appointment, the whole thereof, shall be paid and given in the same proportions and to the same persons who would have been entitled to the same in case I had died intestate.   *Twelfth.* Upon the death of my wife, Ann Cheever, leaving a child or children of our bodies, or descendants of such child or children her surviving, I give, devise and bequeath one-half of the entire principal of said trust fund or estate, share and share alike, to said child or children of our bodies, then living, and to the lawful issue of any such child or children then dead, *per stirpes* and not *per capita*, so that the lawful issue of any dead child shall together receive the share of such dead child.   *Thirteenth.* Upon the death of my said wife, Ann Cheever, leaving no child or children of our bodies, or descendants of such child or children surviving, I hereby give, devise and bequeath half of the principal of said trust fund or estate to my said daughter, Gertrude G. Cheever, if living, otherwise to her heirs at law."

Plaintiff contends that these provisions of the will are void, so far as it is sought thereby to exercise the powers of appointment under the trust deeds.   It is claimed that the testator had no authority to exercise his powers of appointment by creating under his will a trust of the property conveyed under the trust deeds and that he had no authority to confer upon his daughter a power of appointment in respect of such property.   It is further claimed that the attempted exercise of the powers operates to suspend the absolute ownership of this property for a

longer period than during the continuance and until the termination of two lives in being at the time of the creation of the respective powers.

The defendant Gertrude Cheever Porter was born after the execution of her grandfather's deed of trust and before that of her grandmother's trust deed. The property covered by the deed of trust of June, 1884, consists of 71 shares of the stock of the Okonite Company and that covered by the deed of trust of January, 1904, of 527 shares of the stock of the same company. The powers of appointment given in each deed of trust are substantially alike, and are general beneficial powers, under which the grantee was authorized to dispose absolutely by will of the property embraced in the trust deeds to any person whomsoever. (*Cutting* v. *Cutting*, 86 N. Y. 522.) In Sugden on Powers (3d Am. ed. p. 535) it is said "that although the power must not be exceeded, nor its directions evaded, yet where there is no prohibition, everything which is legal, and within the limits of the authority should be supported; and therefore that a power to appoint a fee, but with no prohibition against giving a less estate, ought to be held to authorize any legal limitations within the scope of the power which may be served out of the fee."

In *Butler* v. *Huestis* (68 Ill. 594) it is said: "The law seems to be well settled by authority, where a party has the power to appoint a fee, if there are no words of positive restriction a less estate may be appointed."

The same principle is laid down in *Beardsley* v. *Hotchkiss* (96 N. Y. 201, 218, 219) and *Matter of Lawrence's Estate* (136 Penn. St. 354). The arguments of the learned counsel for the plaintiff are applicable to limited or special powers. It follows that the powers of appointment were validly exercised by the creation of the trusts under the will of John D. Cheever. Coming now to the consideration of the trust provisions of the will, it is evident that they must be held valid if two distinct trusts were created thereunder, one during the life of the plaintiff and the other during the life of Mrs. Porter, and if no portion of the property appointed by the decedent's will under the deed of trust created by decedent's father is necessarily embraced within the trust measured by the life of Mrs. Porter. The will

in effect provides that the trust property be kept *in solido* for convenience of investment, the income being given in two equal shares, one to plaintiff and the other to defendant Mrs. Porter, and each half of the principal being liberated upon the death of the life beneficiaries and disposed of in the manner provided in the paragraphs of the will above set forth. The conclusion is, therefore, irresistible that the intention of the testator was to create separate trusts. Moreover, this case cannot well be distinguished in principle from *Leach* v. *Godwin* (198 N. Y. 35) and *Schermerhorn* v. *Cotting* (131 id. 48). We may now inquire whether these separate trusts violate section 11 of the Personal Property Law * in that they suspend the absolute ownership of personal property beyond two lives in being at the date when the power was created under the deed of trust of John D. Cheever in 1884. There can be no doubt that if a portion of the fund to be held in trust for the life of Mrs. Porter under the will consists of property appointed from the trust created by the decedent's father in 1884, the trust must be declared void, since she was not in being at that date. (*Fargo* v. *Squiers*, 154 N. Y. 250, 259.) The will, however, does not specifically provide to which bene-. ficiary the property appointed under each power shall go, nor does it apportion the property appointed under each power between the two beneficiaries. It provides that each beneficiary shall receive the income of one-half the entire fund, and that each half of the principal thereof shall be disposed of in the manner heretofore stated. It is not to be assumed that the testator intended to defeat his obvious purpose of establishing two separate trusts by a division which would invalidate them. The shares of stock held in trust under each trust deed can conveniently and readily be apportioned so that the seventy-one shares of the John D. Cheever trust will be embraced in the trust created under the will for the benefit of the plaintiff, who was *in esse* in 1884. This would leave the trust fund for the benefit of Mrs. Porter wholly made up of the shares of stock derived from Anna D. Cheever's trust, which was created in

---

* See Consol. Laws, chap. 41 (Laws of 1909, chap. 45), § 11. See, also, Pers. Prop. Law (Gen. Laws, chap. 47; Laws of 1897, chap. 417), § 2; 1 R. S. 773, §§ 1, 2.— [REP.

1904, when Mrs. Porter was in being. Such an apportionment would fall within the spirit of the rule adopted in *Fargo* v. *Squiers* (*supra*). With respect to the contention that an unlawful suspension may result under the power to appoint to further uses, given under the will to Mrs. Porter, the testator's daughter, it is sufficient to refer to *Hillen* v. *Iselin* (144 N. Y. 365), which is direct authority for the proposition that such a power does not offend the statute against perpetuities. The power conferred under the will upon Mrs. Porter to appoint to further uses was clearly valid. (*Frear* v. *Pugsley*, 9 Misc. Rep. 316; *Thayer* v. *Rivers*, 179 Mass. 280, 289; 4 Cruise Real Prop. [Greenl. ed.] 263; *Crooke* v. *County of Kings*, 97 N. Y. 421.)

Judgment accordingly.