*Decisions Affirmed by the Appellate Division on the Opinion of the Lower Court and not Previously Reported.*

---

FLORENCE LEHMAN, Plaintiff, *v.* EDNA SPICER et al., Defendants.*

(Supreme Court, Kings Special Term, January, 1919.)

*Wills — unrestricted power of appointment — execution of by appointment in trust.*

MOTION for judgment on the pleadings.

Franklin Bien, for plaintiff.

Cullen & Dykman, for defendants Edna Spicer and Brooklyn Trust Company, executor, etc.

Sackett & Lang, for defendant Frank C. Lang, executor, etc.

BENEDICT, J. This is a motion by plaintiff for judgment upon the pleadings, consisting of complaint and demurrer. It involves the construction of portions of two wills. Martha E. McLoughlin, by her last will and testament, devised and bequeathed her residuary estate to trustees upon legal expressed trusts, directing them to divide the estate into as many shares as would make one share for each child of hers and one for the descendant or descendants taken together of each child who shall have died before her leaving

---

* Affirmed by the Appellate Division, Second Department, May 16, 1919, on the opinion below.— [REPR.

46

descendant or descendants then living. She directed that " upon the death of any child of mine after my death I give and bequeath the share directed to be set apart for the benefit of the child of mine so dying unto such person or persons and in such sums or amounts to whom and as such child of mine so dying shall direct in and by a last will and testament duly executed under the statute of the State of New York, and, in default of leaving such will and testament, I give and bequeath the share so directed to be set apart for such child so dying to his or her heirs at law." Martha E. McLoughlin left, among other heirs, her son, Edmund McLoughlin. Thereafter the said Edmund McLoughlin died leaving a last will and testament, of which the Brooklyn Trust Company was appointed executor and trustee. By his will, among other things, he provided that out of the portion of the estate of his mother, of which he claimed the disposal by will he gave and bequeathed certain sums of money and then he gave to the Brooklyn Trust Company, as trustee for his daughter, Edna, the sum of $10,000 to be held upon trust, to receive the said sum from his mother's estate in cash or mortgages, to invest the same and keep it invested during the life of his daughter in trust securities, to collect the income therefrom, and, after paying the expenses of the trust, to pay over to his daughter Edna, the net balance of the income at least semi-annually, and upon the death of his daughter he gave the said sum of $10,000 " to such person or persons, and in such sum or sums to whom and as my said daughter shall direct in and by a last will and testament duly executed under the statutes of New York, and in default of her leaving such a will and testament, I give and bequeath the said $10,000 to my brother, Harry McLoughlin, and his sons Carroll and Donald share and share alike." It is the plaintiff's contention that Edmund McLoughlin failed to exer-

cise the right given to him under the last will of his mother in lawful manner, but attempted by his will to make a different disposition from that which he was permitted to do under his mother's will and attempted to create a trust in violation of his right so to do under the will of his mother, and that thereby the property so attempted to be disposed of passed as intestate property to the plaintiff and to Edna Spicer equally, share and share alike, they being the only heirs-at-law of the said Edmund McLoughlin. It was not contended, nor could it well be, that the disposition attempted to be made by the will of Edmund McLoughlin violates the Statute of Perpetuities of this state. The contention rests solely upon the proposition that because Edmund McLoughlin did not exercise the power of appointment by an absolute bequest the power was not validly exercised. This is predicated upon the proposition that a power of appointment not executed in strict conformity to the terms of the instrument conferring the power is invalid. The power of appointment contained in the last will of Martha E. McLoughlin was a general beneficial power not restricted in any manner whatsoever in respect of the objects or methods of its execution. Under such a power without restriction as to the nature of the authority to be raised, the donee is not limited to an appointment of a legal estate, but may execute the power by an appointment in trust for the objects of the power. See *Frear* v. *Pugsley,* 9 Misc. Rep. 316; *Maitland* v. *Baldwin,* 70 Hun, 267; *Crooke* v. *County of Kings,* 97 N. Y. 421; *Cheever* v. *Cheever,* 172 App. Div. 353. Under these authorities I have reached the conclusion that the power of appointment was legally executed by Edmund McLoughlin in the form and manner in which he attempted to execute it by his last will. Hence the complaint fails to state facts sufficient to constitute a cause of action, and the demurrer

thereto must be sustained, with costs, and with leave to the plaintiff, if so advised, to amend the complaint upon payment of such costs.

Ordered accordingly.