In the Matter of the Estate of RICHARD FRENCH, Deceased.

Surrogate's Court, New York County, October, 1922.

**Wills — powers — when one given power of appointment may make appointment in trust.**

The donee of a power of appointment is not limited to an appointment of a legal estate but may execute the title by an appointment in trust for the objects of the power.

The power of appointment given to a decedent's son, the life beneficiary of a trust created by the will of the father, to distribute and pay over certain shares of the remainder of the trust estate, held to have been validly exercised by the last will and testament of said son.

PROCEEDING in regard to a trust estate.

*F. Hamilton Reeve*, for petitioner.

*James R. Bowen*, for Helen A. Bissell.

FOLEY, S. The testator by the 7th paragraph of his will created a trust for the benefit of his son, Charles T. French. The

life beneficiary was also given a power of appointment over the remainder in the event of his death without issue, as follows: " * * * to distribute and pay over said two parts or shares to such of my lawful issue as my said son Charles may, by his last will and testament, or any instrument of appointment, direct and appoint. * * * "

The petition and supporting affidavit are uncontroverted by answer or otherwise. The facts therein alleged must be taken as true. Surrogate's Court Act, § 76. Charles T. French, the donee of the power, died on the 17th day of November, 1917, unmarried and without issue. He left a last will and testament which was admitted to probate by this court on the 7th day of February, 1918. By the 9th paragraph thereof he attempted to exercise the power of appointment given him under the will of his father, by the following language:

" I do therefore, in pursuance of such power of appointment and in exercise thereof, will, direct and appoint that the surviving or then acting trustee or trustees under the will of my father, Richard French, continue to hold Forty Thousand ($40,000.00) Dollars of said two-tenths so held by them as aforesaid in trust * * * and pay over the net income arising therefrom, in equal semi-annual payments to my brother, Louis French, in case he shall survive me, during his life * * * and upon his death to pay and distribute the said Forty Thousand Dollars as follows:— to my sister Josephine Bogart, ten thousand dollars ($10,000), to my sister, Emma Louise Parraga, four thousand dollars ($4,000), and the balance then remaining to my nephews, Clarence H. French, * * *, and my nieces, Matilda French * * *, in equal shares."

Louis French, the brother of Charles T. French, survived him, but is now deceased. In any event the trust has terminated and the beneficiaries of the remainder under the clause of the donee's will are of the class chosen by the ancestor as appointees. It is clear that the power of appointment given to Charles T. French has been validly exercised by the 9th paragraph of his will. The donee of a power of appointment is not limited to an appointment of a legal estate, but may execute the power by an appointment in trust for the objects of the power. *Cheever* v. *Cheever*, 172 App. Div. 353; *Lehman* v. *Spicer*, 108 Misc. Rep. 721. The parties interested can avoid future payments of the premium on the bond of the trustee by complying with section 251 of the Surrogate's Court Act. Submit decree on notice.

Decreed accordingly.