## In the Matter of the Estate of DAVID STUART DODGE, Deceased.

Surrogate's Court, New York County, April 19, 1927.

Wills — construction — testator gave fund in trust with direction that income be given to son — on son's death trustee was directed to pay principal to such members of testator's family as son should designate in his will — son gave income of residue of estate to father for life — on father's death income was to be divided among two brothers equally for life — on death of each brother, principal of brother's share was given to his children, if any — if none, then to surviving brother and children of any brother dying leaving children — son possessed full power to bequeath trust fund — residuary clause constitutes valid execution of power of appointment under Personal Property Law, § 18 — power of alienation not unlawfully suspended.

On this accounting proceeding it appears that testator gave a fund in trust, with direction that the income thereof should be paid to his son and on said son's death to pay the principal among such members of the testator's family as said son should designate in his will. Under the son's will the income of the residue of his estate was given to his father for life, with the direction that on his father's death the income was to be divided share and share alike among his two brothers for life. The will further provided that on the death of each of said brothers the principal thereof was to be paid to the children of each brother, if either left

any children.  If neither brother left children, the principal was to be paid over · to the surviving brother and the children of any brother who may have died leaving children.

A full power to bequeath the property constituting the trust fund under the father's will was given to the son and the residuary clause in said son's will constitutes a valid execution of such power of appointment under section 18 of the Personal Property Law, notwithstanding the fact that no specific reference is made in said son's will as to execution of the power.

Moreover, the will of testator's son considered in conjunction with that of the father did not suspend the power of alienation for more than two lives in being, where the father predeceased the son and the trust created in the will of the son is readily divisible into three separate trusts, with the result that the alienation of the fund in question is suspended only for two lives.

ACCOUNTING by trustees involving proper distribution of trust funds.

*Stewart & Shearer*, for the petitioner.

*Choate, Larocque & Mitchell*, for Clarence P. Dodge and Regina P. Dodge.

*Origen S. Seymour*, special guardian for Guy P. Dodge and Dorothy Dodge.

*Jeremiah F. Connor*, special guardian.

*I. V. Weisbrod* [*Orlando B. Willcox* of counsel], for William C. Osborn.

O'BRIEN, S.  Upon this trustee's accounting the court is asked to direct the trustee as to the proper distribution of trust funds.

The testator by the 12th paragraph of his will provided as follows: " I give and bequeath to the United States Trust Company of New York the sum of Three hundred thousand dollars ($300,000) In trust to hold, manage, invest and reinvest the same and to pay over the income therefrom to my son Francis Phelps Dodge and upon his death to pay over the principal of the said trust fund among such members of my family as he may designate by his will."

The testator's son Francis Phelps Dodge died January 24, 1926, leaving a will dated September 26, 1898, which was admitted to probate by this court on June 7, 1926.  Francis Phelps Dodge in this will by the 5th paragraph thereof provided as follows: " All the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath to my trustees hereinafter named to hold and pay the income to my father, D. Stuart Dodge, during the rest of his natural life, and upon the death of my father, to divide the same among my brothers, Walter Guy and Clarence Phelps Dodge, share and share alike, and to pay the income of one share to each of my said brothers during the rest of his natural life, and

upon the death of each of my brothers, to pay over the principal of his share to his children, if he leave any children, and if he leave none, to pay the same over to his surviving brother or brothers, and the children of any brother who may have died leaving children; such children to take the share their father would have had if he had survived."

Francis Phelps Dodge was survived by his brothers Walter Phelps Dodge and Clarence Phelps Dodge. Guy Phelps Dodge, another brother, predeceased Francis, having died on December 28, 1923, survived by four children, Mary Rose Dodge, Marian Phelps Dodge, Dorothy Phelps Dodge, Guy Phelps Dodge, Jr. The first question presented is whether or not a full power to bequeath the property constituting the trust fund under the will of the above-named testator was given to his son Francis Phelps Dodge and if so, whether, in the absence of specific reference to the execution of the power in the will of Francis, the residuary clause of his will constitutes a valid execution of such power of appointment given to him by his father's will. As to these questions, I hold in the affirmative under the authority of section 18 of the Personal Property Law (*Lockwood* v. *Mildeberger,* 159 N. Y. 181; *Matter of Flewwellin,* 122 Misc. 256, 258), and notwithstanding the fact that the execution of the power of appointment created an estate in trust and failed to direct any payment or delivery of a legal estate. (*Matter of French,* 119 Misc. 445.) A further question which necessitates to a degree a construction of the will of Francis Phelps Dodge is presented, viz.: Does the will of Francis Phelps Dodge considered in conjunction with that of his father, the donor of the power, suspend the power of alienation for more than two lives in being? It is conceded of course, that in determining this question the two wills must be read together. (*Fargo* v. *Squiers,* 154 N. Y. 250.) The will of David Stuart Dodge suspends the power of alienation during the life of said son Francis Phelps Dodge and the latter could in his will, therefore, suspend the alienation of said trust fund during one additional life only (*Hillen* v. *Iselin,* 144 N. Y. 365), whereas in fact he created by his will trusts to run through (1) the life of his father and (2) the lives of three brothers respectively. Had his father, David Stuart Dodge, survived him this provision in his son's will would violate the statute, for in conjunction with the suspension of alienation for one life (his own) in his father's will, he would have extended the trusts through two additional lives. But David Stuart Dodge predeceased his son and the trust created in the will of Francis Phelps Dodge is readily divisible into three separate trusts. The result is that the alienation of the fund in question is suspended for only two

lives.   Guy Phelps Dodge having predeceased his brother Francis Phelps Dodge on December 28, 1923, his one-third share in said fund vests immediately in his children.   As to the remainder of the trust fund, one-half should be held in a separate trust during the life of Walter Phelps Dodge and the other half in a separate trust during the life of Clarence Phelps Dodge pursuant to the provisions of the will of Francis Phelps Dodge.   Submit decree on notice construing the will and settling the account accordingly.