## In the Matter of the Estate of Jacob P. Baiter, Deceased.

Surrogate's Court, Suffolk County, July 2, 1934.

*Charles W. G. Baiter*, for the trustees, etc., under will of Jacob P. Baiter, deceased, and another.

*Nathan O. Petty*, special guardian.

Pelletreau, S.   Involved in this accounting is the question of the attempted execution by the will of Louis J. Baiter, deceased, of

a limited power of appointment granted to said Louis J. Baiter under the will of Jacob P. Baiter, deceased.

If the attempted execution is declared to be valid, then the interest or share of said Louis J. Baiter, deceased, passes to the executor of his will, and is subject to the provisions thereof. If said attempted execution is declared to be void, abortive or invalid, then the said share of said Louis J. Baiter passes directly into the absolute ownership of the three children of said Louis J. Baiter, deceased, in equal shares, and is not subject to the terms of said decedent's will.

Paragraph fourth of the will of Jacob P. Baiter, deceased, which contains the power of appointment in question provides, in part, as follows:

"*Fourth.* All the rest, residue and remainder of my property, real and personal, wheresoever situate, including all property, real and personal, acquired by me after the execution of this Will, I give, devise and bequeath to my executors and trustees hereinafter named, and their successor, or successors, in trust nevertheless, for the uses and purposes following:

"1. To divide the same into four equal shares or parts.

"2. As to one of said equal shares or parts I direct my said executors and trustees, and their successor, or successors, to invest and reinvest the same, and to collect and receive, and to pay and apply the net income, interest, dividends, rents, issues, and profits thereof to my beloved son, Louis J. Baiter, during his natural life; and from and after the decease of my said son, I give, devise and bequeath the entire corpus or principal of said share or part so set apart for him, to such of his lawful children or his lawful issue, in such shares and for such estates, and on such conditions as he may think fit, by Deed or by Will; and in case he shall leave no such valid appointment, I give, devise and bequeath the corpus or principal of such trust fund to his children, him surviving, and the lawful issue of any of his children who may have predeceased him, in equal shares, *per stirpes* and not *per capita.* If my said son should die, leaving no lawful issue him surviving, then I give, devise and bequeath the corpus of said share or part, to such of my own children as shall be living at the time of the decease of my said son, and the issue then living of any of my children who shall have predeceased him, in equal shares, *per stirpes* and not *per capita.*"

Paragraph sixth of the will of Louis J. Baiter, deceased, attempts to exercise the above power of appointment, as follows, omitting unnecessary words and clauses:

"*Sixth.* Whereas, under the fourth clause or article of the will of my father, Jacob P. Baiter, bearing date the Third day of March,

Nineteen Hundred and Twenty-five, he hath authorized me to appoint the residuary estate of the Trust Fund set aside for me during my life, to and amongst my children or my lawful issue, in such shares and for such estates and on such conditions as I may appoint and designate, by Deed or Will, as by reference to said Will will more fully appear; now, I hereby declare that I intend to execute the said Power of Appointment given to me aforesaid by my said father as follows:

" (a) I hereby give, devise and bequeath and appoint all the estate, right, title, interest, claim and demand, whether vested or contingent, in possession, action or otherwise, at law or equity, which at the time of my decease I shall have or be entitled to in and to all the singular the real and personal estate composing said Trust Fund remaining in the hands of the Executors and Trustees of my said father's Last Will and Testament, and over which I shall have any power of appointment by his said Will at the time of my death, to my Executor and Trustee, hereinafter named, and its successors, in trust nevertheless, for the uses and purposes following:

" 1. To divide the same into so many equal shares or parts as shall be the number of my children who shall survive me and who shall die before me leaving lawful issue me surviving.

" 2. (a) As to each of the shares or parts set apart for each of my children me surviving, I direct my Executor and Trustee hereinafter named, and its successors, to invest and reinvest the same, and to collect and receive, and to pay and apply the net income, interest, dividends, rents, issues and profits thereof to the use and benefit of my said respective child during his or her natural life; and upon the death of said respective child, I give, devise and bequeath the corpus of said respective Trust Fund so set aside for said respective child, to his or her lawful issue, him or her surviving, in equal shares, *per stirpes* and not *per capita*.

" (b) If said respective child should die, leaving no lawful issue him or her surviving, then I give, devise and bequeath the principal or corpus of said Trust Fund set aside for said respective child so dying, to his or her brothers and sisters, him or her surviving, and to the lawful issue living at the time of the decease of the said respective child of any predeceased brother or sister, in equal shares, *per stirpes* and not *per capita*."

We have three generations before us: 1. Jacob P. Baiter, whose will is to be construed; 2. Louis J. Baiter, the son, and 3. Virginia, Richard J. and Audrey Baiter, grandchildren, children of the son, Louis J. Baiter.

The will of the grandfather set up a trust fund for the benefit of his son, Louis J. Baiter, for life of one-fourth of his residuary estate with power of appointment to said son by deed or will. Louis J. Baiter by will exercised this power of appointment by bequeathing this corpus in trust for division into as many shares as he had children surviving him or deceased children leaving issue, the income on each share to be paid to such child for life with remainder to his or her issue *per stirpes*.

At the death of the grandfather, Jacob P. Baiter, his son, Louis J. Baiter, the life tenant, was living, the three children of the son were living, and at the death of Louis J. Baiter the same three children were living and no children were born to the son, Louis J. Baiter, after the death of his father, Jacob P. Baiter.

Jacob P. Baiter died October 2, 1925.

Louis J. Baiter, the son, died May 30, 1933.

The trust in question came into being on the death of Jacob P. Baiter October 2, 1925.

Is the trust created by the will of the grandfather, Jacob P. Baiter, for the benefit of his son, Louis J. Baiter, valid? In my opinion the trust is void.

The corpus of the trust, being personal property only, falls within the provision of section 11 of the Personal Property Law, which reads as follows:

" § 11. Suspension of ownership. The absolute ownership of personal property shall not be suspended by any limitation or condition, for a longer period than during the continuance and until the termination of not more than two lives in being at the date of the instrument containing such limitation or condition, or, if such instrument be a last will and testament, for not more than two lives in being at the death of the testator * * * in other respects limitations of future or contingent interests in personal property are subject to the rules prescribed in relation to future estates in real property."

Section 42 of the Real Property Law reads as follows:

" § 42. Suspension of power of alienation. The absolute power of alienation is suspended, when there are no persons in being by whom an absolute fee in possession can be conveyed. Every future estate shall be void in its creation, which shall suspend the absolute power of alienation, by any limitation of condition whatever, for a longer period than during the continuance of not more than two lives in being at the creation of the estate; except that a contingent remainder in fee may be created on a prior remainder in fee, to take effect in the event that the persons to whom the first remainder is limited, die under the age of twenty-one years, or

on any other contingency by which the estate of such persons may be determined before they attain full age. For the purposes of this section, a minority is deemed a part of a life, and not an absolute term equal to the possible duration of such minority."

The first rule is that the date as of which judgment must be pronounced is the date of the creation of the power, which is the date of the death of Jacob P. Baiter, October 2, 1925, as required by section 178 of the Real Property Law, which reads as follows:

" § 178. Computation of term of suspension. The period during which the absolute right of alienation may be suspended, by an instrument in execution of a power, must be computed, not from the date of such instrument, but from the time of the creation of the power."

Section 179 of the Real Property Law reads as follows:

" § 179. Capacity to take under a power. An estate or interest can not be given or limited to any person, by an instrument in execution of a power, unless it would have been valid, if given or limited at the time of the creation of the power."

*Bishop* v. *Bishop* (257 N. Y. 40, 51), from which we quote: " The appointment under the power is to be read into the will by which the power was created and the validity of the gift determined as if the provision thus incorporated had been there from the beginning. (*Dana* v. *Murray*, 122 N. Y. 604, 616; *Hillen* v. *Iselin*, 144 id. 365.) "

*Fargo* v. *Squiers* (154 N. Y. 250, 258, 259), from which we quote: " With reference to lands it is provided that ' the period during which the absolute right of alienation may be suspended, by any instrument in execution of a power, shall be computed, not from the date of such instrument, but from the time of the creation of the power. No estate or interest can be given or limited to any person, by an instrument in execution of a power, which such person would not have been capable of taking, under the instrument by which the power was granted.' "

The will of Jacob P. Baiter, therefore, in law reads: " I give to my son, Louis J. Baiter, the use and income for his natural life from the corpus of this trust fund and upon his death I give such corpus to trustees to divide into as many shares as my said son may leave children him surviving, to pay each of such children for life the income upon such divided shares and upon their respective deaths to pay over such shares to his or her lawful issue, etc., in fee."

Thus, had children been born to Louis J. Baiter after his father's death, such after-born children would be entitled under the appointment by Louis J. Baiter to their equal shares in the trust fund,

which share or shares would be received by persons not in being at the time of the creation of the trust. It is immaterial that there were no after-born children or that the three children of Louis J. Baiter surviving him were living at the death of Jacob P. Baiter. The possibility of after-born children is sufficient to condemn the trust. If this were not so we would have trusts held valid when there were no after-born children and invalid when there were after-born children, although the wills creating such trusts were framed in the same language. In construing trusts under the suspension of the power of alienation, what might have happened controls, not what did happen.

As was said in *Matter of Hitchcock* (222 N. Y. 57, at p. 71): " To render a trust valid, it must be so limited that in every possible contingency there will be an absolute termination thereof within the period prescribed by statute. (*Herzog* v. *Title Guarantee & Trust Company*, 177 N. Y. 86; *Matter of Wilcox*, 194 N. Y. 288; *Matter of Mount*, 185 N. Y. 162; *Brown* v. *Quintard*, 177 N. Y. 75.) "

And in *Cheever* v. *Cheever* (172 App. Div. 353, at p. 358): " There can be no doubt that if a portion of the fund to be held in trust for the life of Mrs. Porter under the will consists of property appointed from the trust created by the decedent's father in 1884, the trust must be declared void, since she was not in being at that date. (*Fargo* v. *Squiers*, 154 N. Y. 250, 259.) "

And in *Hillen* v. *Iselin* (144 N. Y. 365, at pp. 378 and 379): " For the purpose of determining whether there has been an unlawful suspension of the estates created under a power, they are considered as having been created when the will or deed took effect. * * *

" The court, applying the rule that a limitation under a power of appointment must be construed as if it were inserted in the instrument creating the power, held that the appointment violated the rule of perpetuities, because it tied up the estate for the lives of persons not in being at the death of the testator, namely, the children then unborn of his daughter, and the court declared that the circumstance whether a child should be born or not after the testator's death would make no difference in the construction of the limitation. It was sufficient, *the court said, that a child might be born thereafter who would be entitled under the appointment.*"

And in *Hoyt* v. *Hoyt* (125 Misc. 95, at p. 99): " But the will went further, and included in the trust structure grandchildren not in being at the time of his death. There are two such grandchildren now, and the possibility of several more; and if the parent of these should die before the widow, a trust would spring up for the benefit of grandchildren not in being at the time of the death of the testator.

Thus a trust would arise, not limited in duration to but two lives in being, and, therefore, void under both the Personal and Real Property Law."

As the will creating the trust provides, also, that for failure of a proper execution of the power of appointment the corpus should go to the lawful issue of the life tenant, the trust is void and the corpus is presently distributable to the three children of Louis J. Baiter, namely, Virginia Baiter, Richard J. Baiter and Audrey Baiter, in equal shares.