[Civ. No. 7494.   Fourth Dist.   Feb. 28, 1964.]

Estate of GEOFFREY ANDREW BIRD, Deceased.   LOIS B. TIFFANY, Claimant and Respondent, v. CITIZENS NATIONAL BANK, as Executor, etc., Objector and Appellant.

MacFarlane, Schaefer & Haun and William Gamble for Objector and Appellant.

Harwood, Heffernan, Soden & Corfman, James Longtin and Donald D. Harwood for Claimant and Respondent.

STONE, J.*—This appeal from a decree determining interests in an estate,. presents a question of the manner in which the rule against perpetuities (Civ. Code, § 715.2) is to be applied to general testamentary powers of appointment. The case was tried before the 1963 amendments to the Civil

*Assigned by Chairman of Judicial Council.

Code pertaining to the rule against perpetuities became effective.

Jeannette Miller Bird and Geoffrey Andrew Bird, her husband, executed their wills simultaneously February 17, 1961. ▉ Jeanette died June 16, 1961, and her will, which was admitted to probate, provided, insofar as here pertinent: "2. This trust shall exist and continue for and during the life of my said husband, GEOFFREY ANDREW BIRD, and shall cease and terminate upon his death. I give and grant to my husband the exclusive power to dispose of the corpus, and undistributed income, under the terms of his Last Will and Testament, and should he have failed to exercise this power as aforesaid, or should his said Last Will and Testament be deemed invalid for any reason whatsoever, then the corpus and any undistributed income shall become a part of the estate of my said husband, and shall be distributed to his heirs at law according to the laws of succession of the state of California then in effect."

Geoffrey Bird died just three months later, September 16, 1961. He exercised the power of appointment created by Jeannette's will, by the following provisions in his will: "FIFTH: I will, devise and bequeath to CITIZENS NATIONAL BANK, in trust, all of the rest, residue and remainder of my property of every nature, kind and description, including the property and assets which are included in the Marital Deduction Trust as set forth in my wife's Will, and I do now specifically exercise my power of testamentary disposition by including such assets in this trust.

(a) Said property is to be held by the Trustee for the following purposes:

"1. The net income shall be distributed in monthly or other convenient installments to or for the benefit of my said children in equal shares for life.

"2. . . . . . . . . . . .

"3. This trust shall terminate on the death of the last survivor of my children and my grandchildren living at the time of my death, and the entire corpus and undistributed net income shall go and be distributed to the children of my grandchildren per capita."

▉ Counsel for both appellant and respondent agree that the matter is one of first impression in California, and they pose two questions: First, whether the period prescribed by the rule against perpetuities (Civ. Code § 715.2) is determined as of the time the power was created, that is, at Jean-

nette's death, or at Geoffrey's death when the power was exercised. Second, if the time the power is created governs, is the determination made according to the facts existing at the time of creation of the power, or are the circumstances existing at the time the power is exercised, controlling? We hold that the period is counted from the time the power of appointment is created, but that the facts and circumstances are considered as of the time of its exercise. This holding disposes of both questions raised.

The applicable statute is Civil Code section 715.2, which provides: "No interest in real or personal property shall be good unless it must vest, if at all, not later than 21 years after some life in being at the creation of the interest and any period of gestation involved in the situation to which the limitation applies. The lives selected to govern the time of vesting must not be so numerous or so situated that evidence of their deaths is likely to be unreasonably difficult to obtain. It is intended by the enactment of this section to make effective in this State the American common-law rule against perpetuities."

Simes and Smith, in their work, The Law of Future Interest, section 1276, page 214, tell us that the common law rule is: "... in determining the validity of an appointment under a special power or a general testamentary power, though the period is counted from the creation of the power, facts and circumstances are considered as of the time of its exercise."

Respondent points out that the New York Courts have held to the contrary, that is to say, that circumstances are considered as of the time of creation of the power of appointment in determining whether the statute against perpetuities has been violated. In support thereof *In re Baiter's Estate*, 152 Misc. 177 [273 N.Y.S. 962], is cited. The *Baiter* opinion is based upon a New York statute, Real Property Laws, section 179, and the court quotes that part of the statute it deems applicable. No language is quoted that is similar to the final sentence of California Civil Code section 715.2, to wit: "It is intended by the enactment of this section to make effective in this State the American common-law rule against perpetuities." This language appears to us to be decisive insofar as California is concerned. In fact, a 1957 New York case, *In re Estate of Huntington*, 10 Misc.2d 932 [170 N.Y.S. 2d 452], recognized that California follows "the common law rule of powers."

The Restatement of Property adopted the common law rule applicable to general testamentary powers of appointment,

which Civil Code section 715.2 directs us to follow in California. The rule is expressed in section 392 as follows: "... an appointment under either a general testamentary power or a special power is invalid, because of the rule against perpetuities, only to the extent that its limitations, (a) construed in the light of the circumstances existent when the power is exercised, but (b) measured, for the purpose of applying the rule against perpetuities, from the time when the power was created, violate that rule."

In commenting upon the rationale of the rule, the Restatement points out that: "The element of the stated rule embodied in Clause (a), mitigates the destructive effect of the doctrine of 'relation back'. In applying the rule against perpetuities to the limitations of an attempted appointment made under either a general testamentary power or a special power, no useful end would be served by finding an invalidity because of some possible uncertainty, present when the power was created, but actually and definitively excluded by the course of events which has already occurred and which is known at the time of the exercise of the power. By the part of the rule embodied in Clause (a) the fiction of 'relation back' is prevented from having destructive effects greater than those required for the reasonable effectuation of the underlying social policy of the rule against perpetuities." (Pp. 2308-2309.)

This is in accord with the liberal approach toward the rule against perpetuities taken by the California Supreme Court in the recent case of *Wong* v. *Di Grazia,* 60 Cal.2d 525 [35 Cal.Rptr. 241, 386 P.2d 817]. A like liberal intendment was manifested by the State Legislature in enacting Civil Code sections 715.5 through 715.8, subsequent to the trial of this action. Without quoting these sections, we note that they mollify the harshness of the rule against perpetuities.

The facts of this case demonstrate the reasonableness of the common law rule embodied in section 392 of the Restatement of Property, *supra.* By reason of the proximate deaths of Jeanette and Goeffrey, only three months elapsed between creation of the power and its exercise. There was no factual change during that short interval. The lives in being at the time the power was exercised were in being when the power was created, so that the power of appointment did not, in fact, violate the rule against perpetuities. To defeat the purposes and the wishes of Jeannette and Geoffrey because a violation of the rule against perpetuities was theoretically

possible, but in fact did not occur, seems to us to be unnecessarily restrictive. It is the sort of rigid mechanistic application of the rule which the Supreme Court decried in *Wong* v. *Di Grazia, supra.*

In any event, we find Civil Code section 715.2 and the common law rule to which it refers, controlling. Applying this test, there was no violation of the rule against perpetuities at the time the power of appointment was created, when considered in the light of the facts and circumstances as of the time the power of appointment was exercised.

The judgment is reversed.

Griffin, P. J., and Coughlin, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 22, 1964.