In the Matter of the Estate of GEORGE G. McMURTRY, Deceased.

Surrogate's Court, New York County, May 25, 1962.

*Simpson, Thacher & Bartlett* for Chase Manhattan Bank, as trustee, petitioner. *Hawkins, Delafield & Wood* for Teresa F. McMurtry, respondent. *Herbert P. Carter* for Louise H. McMurtry, respondent. *Victor Jacobs,* as special guardian for Marie E. McMurtry and others, infants, respondents.

JOSEPH A. COX, S. The testator's will created a trust for the benefit of his son George G. McMurtry, Jr., to whom the testator granted a general power of appointment. The donee of the power was a resident of Maine and in his will, which was admitted to probate in Maine, he attempted to exercise the power by a direction that the trust fund be continued in further trust for the life of his daughter. The fact that this daughter was not born until 20 years after the death of the donor of the power invalidates this attempted exercise of the power.

In determining whether a power of appointment has been validly exercised the instrument creating the power and the instrument exercising the power must be read together as though incorporated in a single instrument (*Chase Nat. Bank* v. *Central Hanover Bank,* 265 App. Div. 434; *Fargo* v. *Squiers,* 154 N. Y. 250). When the instruments are so read, the measuring period during which the absolute right of alienation may be suspended is computed from the date of the death of the donor of the power and not from the date of the death of the donee of the power (Real Property Law, § 178). At the death of the donee of the power herein the permissible period for the suspension of the power of alienation was lives in being (Personal Property Law, § 11; Real Property Law, § 42). Inasmuch as the donee's daughter was not in being at the time of the death of the donor, this attempted exercise of the power of appointment is invalid.

A later provision of the donor's will disposed of all of his property not theretofore effectively disposed of, including property over which he had a power of appointment, by outright bequest to his wife and daughter in equal parts. This provision constituted an exercise of the power of appointment and the trust property is distributable in equal parts to the wife and the daughter of the donee.

The residuary provision of the donee's will does not constitute an exercise of the power of appointment because the explicit directions for the disposition of the appointive property must be regarded as expressive of an intention that the residuary

provision would not be controlling (Personal Property Law, § 18).

The accounting trustees have raised a question as to the allocation of stock distributions between trust income and trust principal. The stock distributions involved were those made by the Gulf Oil Company in 1951 and the United Engineering and Foundry Company in 1952. The testator died prior to the effective date of section 17-a of the Personal Property Law and, as his will contains no direction with respect to the allocation of stock distributions, all stock distributions received by the trustees must be allocated pursuant to the rule set down in *Matter of Osborne* (209 N. Y. 450). The trustees have allocated the stock distributions entirely to principal on the theory that the rule of the *Osborne* case is in disrepute and no longer controlling by reason of comments of the Court of Appeals in *Matter of Payne* (7 N Y 2d 1). While there was dictum in the *Payne* case which was critical of the rule of the *Osborne* case, the latter case will be controlling law until it has been altered by the Court of Appeals or the Legislature. It would appear from the account that a large part of the stock distributions with which we are here concerned were made possible and were supported by a transfer of earnings and earned surplus to the capital funds of the corporatons. Under these circumstances, it would appear that allocation is called for and it will be necessary for the accounting trustees to supplement their account accordingly.

As it appears that the State Tax Commission has been duly cited but has not appeared, the trust property may be distributed as proposed without deduction or reservation for taxes. The requested authorization for abandonment of certain worthless securities is granted as is the other incidental relief requested. The fee of the attorneys for the trustees is fixed in the amount requested.