OPINION OF THE COURT
John D. Bennett, J.
In this accounting proceeding the petitioners request a determination of whether or not the testator’s son, Charles, has violated the rule against perpetuities (EPTL 9-1.1) in exercising a power of appointment granted to him in his father’s will.
Pursuant to section I of article fifth, Charles Pratt, Sr., created a trust for the benefit of his wife for life and upon her death the trust property was to be divided into further trusts for the benefit of each of his children. Upon each child’s death the will provides: "I give and devise all property then belonging to the principal of said trust to such person or persons out of a class composed of the spouse of said child, my issue other than said child, and the spouses of such issue, and in such estates, interests and proportions as said child shall in and by his or her last will and testament in that behalf direct, limit or appoint or in case said child shall fail to exercise, or shall not fully and effectually exercise, such power of appointment, to convey and deliver and I give and devise all property as to which such power of appointment shall not have been effectually exercised absolutely to the issue of said child him or her surviving, or in default of such issue to my issue then living, or in default of the foregoing to Pratt Institute”.
The decedent’s son, also named Charles, died on May 25, 1976 and by article tenth of his will exercised his power of appointment by creating a trust for the life of his wife and upon her death for the life of his son Mitchell Charles Pratt. His will further provides: "on the death of the survivor of my said wife and my said son my Trustees shall transfer and pay over the principal of said trust as then constituted to such person or persons in such amounts or proportions and in such lawful interests or estates whether outright or in further trust as the survivor of my son, mitchell charles pratt, and my wife, julie f. pratt, may by Will appoint if such survivor survives me, provided, however, that such power of appointment shall be exercised in favor of one or more of the members of a class composed of the spouse of my son, Mitchell Charles Pratt, my father’s issue (other than me and my said *1022 son), and the spouses of such issue (other than my wife, Julie F. Pratt), and so much thereof as shall not be effectively so appointed, to my issue, per stirpes, then living and in default of said issue, one-half thereof to the issue, per stirpes, then living of my sister, Caroline Pratt Santora, and one-half thereof to the issue, per stirpes, then living of my sister, Ann Pratt Hall.”
The appointment of the trust corpus by son Charles for the benefit of his wife arid then for his son Mitchell was a valid exercise of the power granted to him by his father in that both persons were lives in being at the creation of the father’s estate. EPTL 9-1.1 (subd [a], par [2]) provides: "Every present or future estate shall be void in its creation which shall suspend the absolute power of alienation by any limitation or condition for a longer period than lives in being at the creation of the estate and a term of not more than twenty-one years”.
The court takes notice of the fact that Mitchell was a life en ventre sa mere at the time of the creation of the power of appointment, which was the date of death of his grandfather, Charles Sr. EPTL 9-1.1 recognizes the English tradition and includes in the permissible period a period of gestation.
At the creation of the estate on January 7, 1956, New York subscribed to the "two life” rule. However at the time the power was exercised on May 25, 1976 the present rule, EPTL 9-1.1, was in effect. In applying EPTL 10-8.2 to the situation, the permissible period of the rule against perpetuities is determined by the law in effect when the power is exercised and not by the law in effect when the power was created (Matter of McMurtry, 35 Misc 2d 560).
Difficulty arises when the survivor of Mitchell and his mother attempts to exercise his or her power of appointment. If the power is exercised in favor of a permissible class for a period of no more than 21 years, it will be a valid exercise. If however the appointment is for a period measured by lives that were not in being at the time of Charles Sr.’s death, then the appointment must fail. The petitioners argue in their brief that under such circumstances the property will vest in those persons described in the will of the testator’s son in the event of a default. While New York courts do not subscribe to the wait and see doctrine as defined in Matter of Friend (283 NY 200) and Matter of Durand (250 NY 45), they will consider *1023 what has actually taken place to see how they can best salvage the testator’s intent without rewriting his will.
In any event for the present time the testator’s son has not violated the rule against perpetuities in appointing trust property pursuant to article tenth of his will. If some violation occurs at the termination of the present measuring lives, then the saving provisions of EPTL 9-1.2 and 9-1.3 may be applicable. If the future estate cannot be saved at that time, the court can look for direction in the will of the testator’s son, Charles, which requires a gift over upon default of a valid appointment. Accordingly the application for distribution of property to the trustees as provided under article tenth of the will is granted.